ERLE, ADMINISTRATRIX, v. LANE, ADMINISTRATOR.

ADMINISTRATION—DIVIDENDS, HOW COMPUTED.

A creditor of an insolvent estate whose claim was secured by collateral had it allowed. After he had obtained from a sale of the collateral, under leave of court, a sum less than the amount of his claim as probated, a fund was realized for distribution among the several creditors of the estate. *Held*, that his dividend should be computed upon the balance remaining after application of the proceeds of sale of the collateral, and not upon the entire claim as probated.

*Error to the County Court of Arapahoe County.*

HENRY W. ERLE died insolvent. James Thompson, since deceased, on the 3d day of April, 1893, presented a claim against his estate for $777.90, which was duly allowed. At the time of the allowance the claim was partially secured by certain collateral transferred to him by Erle in his lifetime. Afterwards, by leave of the probate court, he disposed of the collateral and realized thereon the sum of $219, which was applied upon the claim. In the course of administration a fund was realized for distribution among the several creditors. Defendant in error, as administrator of the estate of James Thompson, applied to the court for an order upon plaintiff in error, as administratrix of the estate of Henry W. Erle, to pay such dividend as should be directed, upon the full amount of the claim as allowed on April 3, 1893, with interest thereon, without deducting therefrom the sum received from the sale of the collateral. The probate court sustained the application and ordered the declared dividend to be paid upon the $777.90, with interest thereon to the date

of the order. To review this judgment the plaintiff in error brings the case here.

Messrs. WOLCOTT & VAILE, for plaintiff in error.

Mr. A. B. SULLIVAN and Mr. HENRY BRAY, *amici curiæ.*

MR. JUSTICE GODDARD delivered the opinion of the court.

The question presented for our consideration and determination is whether a creditor of an insolvent estate of a deceased person, whose claim is secured by collateral, is entitled to receive dividends upon his entire claim as probated, notwithstanding he thereafter realized from his collateral a sum less than the amount of his claim, or only a dividend upon the balance of his claim remaining after applying thereon the proceeds so realized. We have been greatly aided in the investigation of this question by the able and thorough briefs of the respective counsel, in which the decided cases involving the same or analogous principles are cited and discussed. While those are few in which the identical question here presented is decided, there is quite a large number to which our attention has been directed, by reason of the claimed analogy of the questions therein decided with the one under consideration. These are principally decisions upon the right of creditors holding collateral security, in the winding up of insolvent corporations or of the estate of an insolvent debtor, under assignments made for their benefit, and relate to the right of such creditors to hold partial security for their indebtedness and at the same time receive dividends upon their entire claims ; one line of decisions following the doctrine announced in *Greenwood v. Taylor*, 1 Russ. & M. 185, to the effect that a mortgagee could prove for only so much of the debt as remained unpaid by the proceeds of the mortgaged estate ; and the other adopting the contrary rule, as laid down in *Mason v. Bogg*, 2 Myl. & C. 443, that a secured creditor may

prove his claim without giving up or affecting his securities, and collect dividends on his entire claim so long as his collateral remains unconverted, under the well established principle that, having a double security, he may proceed against both or either, and that he is not deprived of this right by the death or insolvency of the debtor.

The latter rule is affirmed by the weight of authority in this country, and, with but few exceptions, the authorities cited by counsel for defendant in error are to this effect only, and do not go to the extent of upholding their contention that the creditor is entitled to dividends on his entire demand without any deduction on account of collections made from collaterals, after proof of his claim. And some of them, notably *Mason v. Bogg, supra,* and *West v. Bank of Rutland,* 19 Vt. 403, hold the contrary. Lord Cottenham, in *Mason v. Bogg,* commenting on the principle followed in *Greenwood v. Taylor,*—being the mode prescribed in bankruptcy,—said :

" A creditor may there prove ; but then he must give up his security ; or he may obtain an order that his security should be sold, and that he should prove for the difference. In equity, however, a party may come in and prove without giving up or affecting his securities, *except so far as the amount of his debt may be diminished by what he may receive."*

In *West v. Bank of Rutland, supra,* after holding that a creditor having collateral security may proceed for a dividend upon his whole debt, and could not be obliged to dispose of and apply his collateral for the purpose of reducing it, Judge Redfield, speaking for the court, said :

" It is true, that if the security has been converted into money, and it is between debtor and creditor, it ceases to be collateral and operates directly as payment; so that the debt is thereby reduced and the creditor can only go for the balance. And if the fund, which is collateral, is such that the dividend will more than make up the deficiency, then, upon the payment of the whole debt, the creditor must assign. This was the only remedy at the civil law. In England and

in this country, in such case, the court of chancery will often times compel the party to apply the funds in his hands and only proceed against the other funds for the balance, and, if the funds are not money, will require them to be reduced to money."

The cases cited which hold that dividends can be collected on the whole claim, notwithstanding proceeds are realized on collateral after the same is proved, are, with one exception, assignment cases, or relate to the winding up of insolvent corporations, and are based upon a principle that distinguishes them from the case before us. This principle is that under the deed of assignment and the statute under which the insolvent corporations were being wound up, the creditors are the equitable owners of the property to be administered, and their interest therein vested upon the execution of the deed, or the insolvency of the corporation, and that the extent of this right or interest is measured by their claims as proven. As expressed by Judge Taft, in the case of *The Chemical Nat. Bank v. Armstrong*, 59 Fed. Rep. 372:

" The theory upon which all the cases refusing to reduce the claim by collections subsequent to filing proof must be supported, is that, at the time of filing proof, the interest of the claimant in the assets is a fixed one, not to be varied by subsequent increase or decrease in the debt against the original debtor."

And in *Miller's Appeal*, 35 Pa. St. 481, which was a general assignment for the benefit of creditors, and the assignor became entitled to a legacy which was attached by a creditor, it was held that, notwithstanding the recovery of the legacy, the creditor was entitled to dividends on the amount of his claim at the time of the assignment. Justice Strong said:

" In the deed of assignment the equitable ownership of all the assigned property passed to the creditors. They became general proportioners, and each creditor owned such proportionate part of the whole as the debt due to him was of the aggregate of the debts. The extent of his interest was fixed by the deed of trust. It was, indeed, only equitable; but,

whatever it was, he took it under the deed, and it was only as a part owner that he had any standing in court when the distribution came to be made. It amounts to very little to argue * * * that Miller's recovery of the legacy operated with precisely the same effect as if a voluntary payment had been made by the assignor after the assignment; that is, that it extinguished the debt to the amount recovered. No doubt it did, but it is not as creditor that he is entitled to the distributive share of the trust fund. His rights are those of the owner by virtue of the deed of assignment. The amount of the debt as to him is important only so far as it determines the extent of his ownership. The reduction of that debt, therefore, after the creation of the trust, and after his ownership had become vested, it would seem, must be immaterial."

While in this case the money realized by the creditor was not from collateral, the quotation illustrates the principle upon which the Pennsylvania decisions and those following them are based, and shows their irrelevancy to the case at bar, since the creditor of the estate of a deceased person has no ownership or vested interest in its assets. An allowance of his claim has the force and effect of a judgment (sec. 4790, Mills' An. Stats.), which does not become a lien on the property of the estate, but is to be paid *pro rata*, in its order of classification, if the estate is insufficient to pay in full. Section 4794 requires executors and administrators to exhibit their accounts for settlement every six months. Section 4795 provides:

" Upon each and every settlement of the accounts of any executor or administrator, it shall be the duty of the court to ascertain the whole amount of moneys which shall have come into the hands of such executor or administrator, belonging to the estate of the deceased, and the whole amount of debts established against such estate, and if there be not sufficient to pay the whole of the debts, the moneys aforesaid, or such part thereof as the court may direct, shall be apportioned among the several creditors, *pro rata*, according to their several rights as established herein."

And further provides: "But no dividend shall, in such case, be ordered, which may probably exceed the *pro rata* amount due such several creditors, upon the allowance of all *existing* demands against the estate."

These provisions, making it the duty of the court to ascertain, upon each settlement, the amount of the claims then existing against the estate, and to apportion the funds then in the hands of the personal representative for distribution thereon, *pro rata*, afford a complete answer to the contention of counsel for defendant in error that when a debt is once proved and allowed, it becomes fixed for the purpose of declaring dividends thereon; and render the cases cited to that effect of no value as precedents for this case.

The only case which is cited in support of the claim of defendant in error which is in point upon the proposition before us is *Furness v. Union Nat. Bank of Chicago*, 147 Ill. 570, inasmuch as it involved the distribution of a decedent's estate. It is there held that the principle announced *In Re Bates*, 118 Ill. 524, controlling in cases of assignment for the benefit of creditors, to the effect that a secured creditor was entitled to a dividend upon the whole amount of his claim as proved, and not as reduced by the amount realized from the security thereafter, was also applicable to the distribution of *pro rata* dividends upon claims allowed against the estates of deceased insolvents, and cites to that proposition, *Mason v. Bogg, supra; Kellock's Case*, L. R. 3 Ch. App. 769; *West v. Bank of Rutland, supra;* neither one of which, in our opinion, affords any support for such conclusion. But, conceding that this case fully supports the contention of defendant in error, it stands alone against the following cases, which are directly in point upon the question involved in this controversy: *In re Estate of McCune*, 76 Mo. 200; *Creecy v. Pearce*, 69 N. C. 67; *Moore v. Dunn*, 92 N. C. 63; *Bartholomew v. May*, 1 Atk. 487; *Winton v. Eldridge*, 3 Head, 361; *Fields v. Creditors of Wheatley*, 1 Sneed, 351; *Wheat v. Dingle*, 32 S. C. 473.

These cases announce what seems to us the more equitable

rule, and one that recognizes the right of a secured creditor to avail himself of the full benefit of his security, and also places him on an equality with the unsecured creditors as to the other property of the estate. They hold that after the property mortgaged has been sold and its proceeds applied to the debt, leaving a balance unpaid, as to that balance the creditor is no longer a mortgage creditor, but is entitled only to have the same paid from the fund realized from the general assets of the estate *pro rata* with other creditors.

This rule commends itself to us as eminently just in that it in no way impairs the secured creditor's legal or contract rights, and affords him an equal remedy with other creditors against the general estate, thereby preserving to him the same remedies that he had against his debtor during his lifetime. Our conclusion is that while a creditor holds collateral, he may collect dividends upon his entire claim, even to the extent of payment in full, in which case the security would inure to the benefit of the unsecured creditors; or if insufficient to pay the claim in full, and the dividends reduce the claim to less than the value of the security, the fiduciary must redeem it for the benefit of the estate. Yet, if before or after the claim is proved, he disposes of the security and realizes thereby a partial payment of the claim, he has derived all the benefit that it was intended to give, and all that, under his contract, he is entitled to receive, and it no longer exists for any purpose. In other words, if he disposes of the collateral and puts it out of his power to return it in case his debt is paid from other sources, it ceases to be collateral, and the sum realized operates as a payment and reduces his claim *pro tanto*. By his own voluntary act he parts with the double right the law gives him, and thereafter can proceed only for the remainder of his claim, and is entitled to dividends only on that amount.

We think this view is not only equitable, but is sanctioned by the weight of the authorities, and adopt it as the law of this jurisdiction. The judgment of the county court is therefore reversed, and the cause remanded with directions to award

dividends upon the amount remaining due to the estate of James Thompson, deceased, after deducting the amount realized from the sale of the collaterals.

*Reversed.*