DENNIS O'CONNOR, ADM'R v. FRANCIS BOYLAN.

*Estates of decedents—Allowance of claims on appeal from commissioners—Tribunal for general claims—Executors' bill to set aside decedent's conveyance for fraud against creditors.*

Where a claim against an estate is allowed, upon an appeal from commissioners, by a court which has jurisdiction, and no fraud is proved against the adjudication, the allowance is conclusive as against any collateral attempts to impeach it.

49 MICH.—14

An old man gave a warranty deed of his land in consideration of a life lease back to him and of his support during life. His executor filed a bill, under Comp. L. § 4416, to set this aside as fraudulent in respect to his creditors. *Held,* that the objection could not be made, especially if not set up in the answer, that the transfer was of a homestead and not the subject of such a bill. It was in effect the conveyance of the expectant remainder after the extinguishment of the homestead.

General claims against an estate must be adjudicated by the commissioners thereon or by the probate court, or on appeal, before they become a charge against the estate which will warrant the executor in filing a bill to set aside a conveyance made by his decedent in order to obtain assets for their payment.

An executor's bill under Comp. L. § 4416, to set aside a conveyance made by his decedent as fraudulent in respect to creditors, will lie though the title has been passed to innocent purchasers, and it will reach the proceeds of such transfer. But the amount recoverable is so much only as will satisfy the deficiency in decedent's assets below the amount required to pay his debts.

Appeal from Kent. Submitted June 27. Decided Oct. 11.

Administrator's bill to compel payment of full value of land fraudulently conveyed by decedent. Complainant appeals. Reversed.

*C. C. Howell* and *Kennedy & Thompson* for complainant. An administrator can file a bill to recover from grantees of his decedent's lands conveyed in fraud of the latter's creditors, when there is a deficiency of assets in his hands: Comp. L. § 4416; *Morris v. Morris* 5 Mich. 181; *Welsh v. Welsh* 105 Mass. 229; and complainant may treat any voluntary conveyance as void as against creditors, if at the time of the conveyance the intestate rendered himself unable to pay his then existing creditors: *Martin v. Root* 17 Mass. 227; *Andruss v. Doolittle* 11 Conn. 283; *Norton v. Norton* 5 Cush. 528; *Salmon v. Bennett* 1 Conn. 542; whether defendant was privy to the fraud or not, the conveyance, without a valuable consideration, is void as to creditors: *Mohawk Bank v. Atwater* 2 Paige Ch. 54; *Lee v. Figg* 37 Cal. 328; *Lassiter v. Davis* 64 U. C. 500; it is so, too, whether either grantor or grantee intended to defraud

the creditors of the grantor: *Buck v. Sherman* 2 Doug. (Mich.) 180; *Kirby v. Ingersoll* Har. Ch. 191; *Fellows v. Smith* 40 Mich. 689; *Matson v. Melchor* 42 Mich. 480; facts proven, but not put in issue by the pleadings, will not be regarded at the hearing: *Warner v. Whittaker* 6 Mich. 133; *Bloomer v. Henderson* 8 Mich. 395; *Barrows v. Baughman* 9 Mich. 213; *Ford v. Loomis* 33 Mich. 121; where a deceased person has conveyed land with fraudulent intent, and the grantee has disposed of it for less than its value and placed it beyond the administrator's reach, the latter has a right to a personal decree against the grantee for the full amount that the land is shown to be worth: *Ferguson v. Hillman* 12 N. W. Rep. 389; *Fullerton v. Viall* 42 How. Pr. 294.

*McBride & Carroll* for defendant. An administrator cannot impeach the deed of his intestate as fraudulent against creditors, although there be no other fund from which their debts can be paid: *Martin v. Martin* 18 Am. Dec. 675; *Osborne v. Mose* 5 Am. Dec. 252; *Peaslee v. Barney* 6 Am. Dec. 743.

GRAVES, C. J. For many years prior to January 31st, 1880, Lawrence Boylan the decedent owned and resided on a parcel of land containing about five acres in the township of Wyoming in Kent county. It was worth five or six hundred dollars.

His wife died in May, 1879, but he continued his residence on the premises until his own death, which occurred April 20, 1880. He had no children. From his wife's death until a few weeks before his own one Mary Mullen kept his house and rendered him valuable service. He had no property except this small place and about $135 of personalty. Mrs. Mullen had a considerable demand against him for her service and there were some other claims. He was from seventy to seventy-five years of age.

In these circumstances he proceeded at the date first mentioned to dispose of this real property. He executed a warranty deed of it to the defendant. The consideration stated

was " one dollar in hand paid, and support for life, and the giving back a life lease on the property herein conveyed;" and as part of the same transaction the defendant at the same time leased the premises to decedent for his natural life. No other writings were made and there is no proof that any real consideration passed. The defendant claims, however, that he orally agreed that he would look after decedent when sick, would give him decent Christian burial at his death, would have masses said for him and would cause a tombstone to be put up for him and wife. And there is evidence that defendant incurred some expense in connection with decedent's funeral and burial and in causing masses to be said for him.

In June, 1880, complainant was appointed administrator and commissioners were named to pass on any claims which might be preferred. The record furnished is in many particulars vague and imperfect, but we gather from it that the commissioners rejected the claim of Mrs. Mullen, but allowed one in favor of Lewis Clark for about $15, the precise sum not being stated. Mrs. Mullen appealed and complainant refrained from offering resistance to her demand; and late in December, 1881 (the actual time not appearing), the circuit court allowed her claim at $289 and taxed her costs at $62.75. This judgment remains in full force. In the course of the present case a collateral attempt has been made to review and impeach it; but as there was jurisdiction and no fraud is proved against the adjudication the result must be considered as binding.

It seems that defendant got possession of decedent's personalty and that complainant sued him to recover it and that the cause was compromised by defendant's paying $123.23 and his releasing all claims against the estate. In February, 1881, the defendant conveyed the premises before mentioned to one Jacob H. Carpenter and wife for $400, of which $100 was paid down and the remainder secured by mortgage on the place.

The complainant alleging a deficiency of assets and claiming that decedent's conveyance to defendant was made with

intent to defraud his creditors, proceeded under the statute (Comp. L. § 4416) to file this bill in order to recover the proceeds or value of said real estate for the benefit of creditors. The defendant answered and the parties went into evidence and on final hearing the court dismissed the bill and complainant appealed.

1st. The objection that the transfer was of decedent's homestead and not the subject of a bill of this kind cannot prevail. No such ground is taken by the answers. Moreover, the conveyance was in effect of a future estate and not of a homestead. The transaction in its entirety amounted only to a conveyance of the remainder expectant on the death of the grantor, and therefore of the estate which would be left after the extinguishment of the homestead. The effect was to exempt the homestead. The estate could only come into possession on the occurrence of the very event which would end it.

2d. The objection that the compromise of the action brought at law to obtain possession of the personal property, embraced a settlement of the cause of action in this suit, is entirely without foundation. The facts lend it no countenance whatever.

3d. The evidence sustains the equity of the bill and shows that the decedent's intent in deeding to defendant was to defraud Mrs. Mullen and probably other persons.

4th. The position of complainant that mere general claims which are not adjudicated by commissioners or the probate court or on appeal can be adjudged in this suit and converted into demands payable out of the assets which it is brought to subject, is not tenable. When the claims are at large and unsettled it is necessary that they be adjusted and allowed either by commissioners or the judge of probate or on appeal in order to charge an estate with them, and until an estate is charged with them there is no basis for a bill against a decedent's fraudulent conveyance in order to recover means to pay them.

5th. No case is presented for setting aside the deed and bringing the premises into the category of assets, because

the title has been passed to third persons who are not parties, and who are to be deemed innocent purchasers from the defendant. In view of this state of facts the defendant claims that no relief whatever is practicable. His position is that such a bill can only be filed to rescind the conveyance and directly subject the land itself, and cannot be made use of to reach the proceeds of the land in case the grantee has sold it. The argument comes to this, that the grantee of the fraudulent grantor has only to convey to an innocent purchaser to effectually elude the wise purpose of the statute and set at defiance the creditors of the deceased debtor. The law will hardly bear this construction. The great object is to make available to creditors whatever in justice as between them and their deceased debtor ought to be applied to their debts, and to frustrate his fraudulent endeavor to hinder it. Were the land itself rescued from the conveyance it would still be necessary to convert it by a sale into money to fit it for application, and if it is already converted by the act of the grantee a step is saved and the proceeds may be justly regarded for the purpose of the case as representing the land. True, the title to the land itself is not touched, but the title to the proceeds which stand for the land is treated precisely as the grantee's title to the land would be treated if he had not placed it out of reach, and it is a consequence of the decedent's fraudulent intent in putting the land into defendant's hands. The fraud is not waived.

6th. As between the parties to it the grant made to the defendant was binding, though voidable by creditors, and the statute permits recourse against the defendant only so far as necessary to pay creditors, or in other words, only so far as necessary to make up the real "deficiency." And the case shows an adjudicated indebtedness, and an actual "deficiency" for an amount probably less than the price for which the defendant sold to Carpenter, namely $400. But the actual "deficiency" is of uncertain amount, and the record contains no data to enable the court to fix it. The case must therefore go back.

The decree should be reversed and the court below be instructed to ascertain how much is wanting of assets to pay the allowed indebtedness and then to order and decree the payment of the amount, not exceeding however $400, and interest thereon from the date of defendant's sale to Carpenter; the complainant to recover his costs of both courts.

The other Justices concurred