JAMES A. KELLOGG, ADM'R v. HENRIETTA B. BEESON.

*Suit by administrator to set aside decedent's mortgage.*

An administrator de bonis non cannot bring suit to set aside a mortgage made by his decedent without averring a deficiency of assets in his hands and in those of his predecessors in the trust, to satisfy the obligations existing against the estate. How. Stat. §§ 5384–5.

. Appeal from Berrien. (A. J. Smith, J.) October 23. —October 28.

FORECLOSURE: bill of review. Defendant appeals. Reversed.

*Orville W. Coolidge, James Brown* and *James A. Kellogg* for complainant.

*Edward Bacon* for defendant appellant.

CHAMPLIN, J. This is a bill of review, filed by the complainant as administrator de bonis non with the will annexed, of the estate of Richard P. Barker, deceased. To this bill the defendant filed a general demurrer, which was overruled by the court, and the defendant appealed. The bill of complaint abounds in redundant matter, which makes it somewhat difficult to arrive at the substantial merits relied upon by complainant as a ground of review, but in disposing of the case we shall take the statement of what the bill alleges as presented by the complainant in his brief filed in this cause, which is as follows:

"Richard P. Barker died intestate on the 15th day of September, A. D. 1873, leaving a last will and testament; that Phœbe S. Barker was duly appointed administratrix, with the will annexed, and subsequently died, and Laban Harter was appointed administrator de bonis non with the will annexed; that on the 22d day of July, A. D. 1876, Henrietta Barker, of the city of Niles, in the county of Berrien and State of Michigan, exhibited her bill of complaint in the circuit court for the county of Berrien, in chancery, against James H. Barker, Walter Barker, Lewis F. Barker, the heirs, and Laban Harter, administrator, etc., of the estate of Richard P. Barker, deceased, and set forth that on the 21st day of April, 1869, said Richard P. Barker was indebted for borrowed money, and otherwise, to Smith Barker, surviving guardian of James H. Barker, Walter Barker, Lewis F. Barker and Henrietta Barker, and gave him, said Smith Barker, a promissory note for $8000, and to secure the payment of said note, gave a mortgage to said Smith Barker on certain lands therein described, but that said note and mortgage had been lost; that said Smith Barker died the 18th day of June, 1873, intestate, at the city of New York, and on the 29th day of May, A. D. 1876, Lewis F. Barker was appointed administrator of his estate by the probate court of Berrien county, Michigan, and thus became entitled to assign said mortgage to Henrietta Barker, which he did; and further, that by reason of certain payments, settlements, and delivery of things of value, duly made, James H. Barker and Lewis F. Barker have ceased to have any interest, if any they ever had, in the aforesaid mortgage and the moneys therein mentioned, and that the whole of the principal and interest that remains unpaid on said note and mortgage belongs, in equity, to said Henrietta Barker, and she has long been, in equity,

entitled to the money thereof; and that on the 19th day of July, A. D. 1876, at the city of Niles, said Lewis F. Barker, administrator as aforesaid, for and in consideration of the sum of $100, assigned said note and mortgage, and all that remained unpaid therein, amounting to $3000; that the real estate of said Richard P. Barker was devised in trust for said James H. Barker, Walter Barker, Lewis F. Barker and Henrietta Barker. This bill was taken as confessed against the said Laban Harter, administrator, and a decree of foreclosure was duly entered thereon; that said Laban Harter remained administrator of said estate until the 29th day of January, 1885, when he was removed, and on the 26th day of February, 1885, complainant was duly appointed in his stead; that a claim by Mary C. Brown against said estate for the sum of $1575.50, and another by John G. Saxe for $633.83, were allowed; that these creditors filed a bill to enjoin said Henrietta Barker from selling under her decree said mortgaged premises, which injunction still remains in force; that said Laban Harter was repeatedly importuned to appear and defend against said bill of complaint, and was advised that said mortgage and note was not a bona fide claim, and that a portion of said land was, at the date of said mortgage, a homestead right, and that the mortgage was not signed by the wife of Richard P. Barker, and was therefore void; that said Laban Harter refused to do anything, and did not do anything, in the matter, and that repeated efforts were made to procure his resignation or removal, but to no avail; that an order of the probate court, requiring him to proceed to sell the real estate of said estate was made; that said Harter petitioned said probate court for license; that the same was granted, but that said Harter proceeded no farther, and when requested by the creditors to proceed, 'returned false, snubbing, and insulting refusals;' that there was a conspiracy existing between complainant, Henrietta Barker, Laban Harter and Lewis F. Barker to prevent the creditors of said estate from realizing their claims from the assets of said estate."

These, the counsel for complainant states, are the substantial facts as set forth in this bill for review. The relief asked is that the decree made in the foreclosure suit may be reviewed, reversed and set aside, and no farther proceedings taken thereon, and the said mortgage be declared void, and the bill to foreclose the same dismissed, and for general relief.

The demurrer to this bill is well taken. The complainant shows no right or interest in having the mortgage declared void except as administrator of the estate of the mortgagor. He only claims to act in the interest of creditors, and this inferentially, as no statement is made in the bill of complaint that he has been applied to by any of the creditors of the estate of Richard P. Barker to bring this suit, and in no event would he be authorized to institute the suit unless there was a deficiency of assets in his hands and in the hands of his predecessors in the trust, to satisfy the debts or obligations existing against the estate. How. Stat. §§ 5884, 5885. The bill contains no such averment.

The decree overruling the demurrer must be reversed and the bill dismissed with costs.

The other Justices concurred.