PRATT *v.* MILLARD.

1. EXECUTORS AND ADMINISTRATORS — RIGHTS AND DUTIES — REAL ESTATE.

   An administrator, either general or special, has no interest in the real estate, and no right to the possession thereof, except when there is insufficient personal property to pay the debts and expenses of administration.

2. SAME—RIGHT TO MAINTAIN SUIT.

   In the absence of any allegation in the bill that it was filed in the interest of creditors, or any offer to show that there were creditors, an administrator could not maintain a suit to set aside deeds executed by intestate, on the grounds of fraud, undue influence, and mental incapacity.

3. COSTS—APPEAL—CHANCERY SUIT—FAILURE TO DEMUR.

   Where a bill filed by a special administratrix showed upon its face that complainant was not entitled to maintain the suit, defendant should have demurred and thus avoided the expense of preparation for trial; and where defendant did not raise the question until after complainant's counsel had made his opening statement prior to taking proofs in open court, no costs were allowed on affirmance of a decree dismissing the bill.

Appeal from Grand Traverse; Davis, J., presiding. Submitted June 4, 1908. (Docket No. 18.) Decided September 10, 1908.

Bill by Sarah E. Pratt, special administratrix of the estate of Delia Stata, deceased, against Hattie A. Millard to set aside certain deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

*J. J. Tweddle,* for complainant.

*John W. Patchin,* for defendant.

The purpose of the bill of complaint in this cause is to set aside two deeds, alleged to have been obtained through

fraud and undue influence on the part of the defendant, the grantee, and the mental incapacity of the grantor. The grantor was one Delia Stata. One deed was executed November 4, 1898, and the other February 8, 1899. Mrs. Stata died intestate March 12, 1901. No administration upon her estate was had until May 21, 1906, when complainant was appointed special administratrix, and on May 31st following filed this bill of complaint. She alleged in it that she and defendant are sisters, and that they and four others (naming them) are the sole heirs at law of the deceased, and that the interests of all except defendant "are represented by your oratrix as special administratrix of said estate." She then alleges with great prolixity the facts upon which she relies for relief. Defendant answered, denying that complainant represents the other heirs, and traversing all the charges of fraud, undue influence, and mental incapacity. The answer contains the usual general demurrer clause. Replication was duly filed, and demand made for taking testimony in open court. The cause came on for hearing, and counsel for complainant made a statement of his case. Counsel for defendant then objected to the taking of any testimony, and moved to dismiss the bill upon the ground that the court had no jurisdiction of the case, because, under the law, neither a special nor general administrator has the authority to file a bill of complaint to set aside deeds executed by his intestate, except for the benefit of creditors. The court so held, and entered a decree dismissing the bill without taking any testimony.

GRANT, C. J. (*after stating the facts*). Upon the hearing and argument in the court below, and as well in this court, the counsel for complainant insisted that she was entitled to maintain the bill in her capacity as special administratrix. He did not and does not now claim that complainant represented herself or the heirs at law in any other capacity than as administratrix. There is no alle-

gation in the bill that it was filed in the interest of creditors. Neither was there any offer to show that there were any creditors of the estate. An administrator, either general or special, has no interest in the real estate, and no right to the possession thereof, except when there is insufficient personal property to pay the debts and expenses of administration. *O'Connor* v. *Boylan,* 49 Mich. 209; *Kellogg* v. *Beeson,* 58 Mich. 340; *Rough* v. *Womer,* 76 Mich. 375. Under these circumstances it would have been idle ceremony to take testimony upon the merits, as no relief could have been granted.

The case is not ruled by *Gray* v. *Eldred,* 144 Mich. 23. In that case it was apparent that there might be two trials, and possibly two appeals to this court to determine the issues. In this case the statement made by the counsel in his opening showed that complainant was not entitled to a decree upon the facts stated. Under the statement, the heirs are the only ones who could maintain a bill to set aside the deed, as they are the sole parties interested. Defendant should have demurred, and thus have avoided the expense of preparation for trial. Under these circumstances, no costs will be allowed.

Decree affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.