### HOWES *v.* BARNEY.

1. EXECUTORS AND ADMINISTRATORS — EJECTMENT — RIGHT OF ADMINISTRATOR TO MAINTAIN ACTION.

    The administrator of an estate has no interest in real estate and no right of possession thereof so as to maintain an action of ejectment where there is no personal property and there are no debts or liabilities against the estate, under 3 Comp. Laws, § 9354 (3 Comp. Laws 1915, § 13850), providing that an administrator shall have the

right of possession of the real estate, as well as the personal estate, but, whenever it appears, on application by the heirs, that there are no debts or liabilities outstanding and unpaid against the estate or that the personal estate is sufficient for the payment of all claims or liabilities, the probate court shall order the real estate delivered unto the possession of the heirs.

2. Same—Expenses of Administration.

Expenses incurred in the administration of an estate are not a liability against the estate until they have been passed upon by the probate court.

Error to Calhoun; North, J. Submitted October 15, 1917. (Docket No. 130.) Decided December 28, 1917.

Ejectment by Samuel A. Howes, administrator with the will annexed of the estate of Oliver Barney, deceased, against Fred W. Barney and others. Judgment for plaintiff on a directed verdict. Defendants bring error. Reversed, without prejudice to parties in interest.

*James M. Powers* and *Walter S. Powers,* for appellants.

*Leland H. Sabin,* for appellee.

Bird, J. The history of this case is a long story. On a previous occasion another phase of the controversy was before this court, and is reported in *Barney v. Barney,* 187 Mich. 145 (153 N. W. 730), where an extended statement will be found. In view of this, only such of the history as seems to be material to the present case will be stated.

In the year 1900 Oliver Barney, an old resident of Calhoun county, died, as was supposed at that time, intestate. In August, 1898, he deeded his farm to his grandson, Oliver Wm. Barney, reserving a life interest to himself and wife. In July, 1900, an ad-

ministrator was appointed and the estate was administered. Fred Barney, a son of the deceased, in December, 1901, filed a bill in the Calhoun circuit court praying for a decree setting aside the deed of the farm to his son, Oliver W., on the ground that his father, Oliver, was mentally incompetent at the time of its execution. In this suit his mother and son, Oliver W., were made parties defendant. Oliver W. was then only 18 years of age, and consequently was represented in the suit by a guardian *ad litem.* The hearing resulted in a decree setting aside the deed, and declaring the title to the farm to be in Fred Barney as sole heir of Oliver Barney. After making some preliminary arrangements with his mother he went into possession of the farm, and has ever since claimed to own it. The son, Oliver W., continued to live with him for a time and matters went along smoothly, just as though they were settled, until July, 1913, when Oliver W. Barney presented to the probate court a paper purporting to be the last will and testament of his grandfather, Oliver Barney, in which he was given the farm subject to a life use by the mother, and petitioned to have it probated. He explained the circumstances of his possession of the will by saying that soon after he arrived at the age of 21 years, upon going into his room one day he found the will lying on his bed; that he read it over and filed it away and made no mention of it until just before offering it for probate. The will was admitted to probate, and plaintiff was appointed administrator with the will annexed. The order of the probate court was affirmed in the circuit court and in this court. About a year thereafter the plaintiff as administrator with the will annexed commenced this suit in ejectment against Fred Barney and his tenants to recover the possession of the farm. A directed verdict for the plaintiff passed in the circuit court. The defend-

ant, Fred Barney, has brought the case to this court for review.

At the outset of our examination of the case we are met with defendant's contention that the administrator has not such an interest in the real property of the estate as entitles him to maintain ejectment. The statute which gives the administrator authority to take possession of the real estate provides that:

"(9354) SEC. 7. The executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased, and may lease the same from year to year, and cancel or modify any existing lease or leases given by the deceased in the same manner that the deceased might have done in his lifetime, and may receive the rents, issues, and profits of the real estate until the estate shall have been settled, or until delivered over by order of the probate court to the heirs or devisees; and shall keep in good tenantable repair all houses, buildings, and fences thereon, which are under his control: *Provided,* That whenever, on application of the heirs, or devisees, or any of them, it shall be made to appear to the said probate court that there are no debts or liabilities outstanding and unpaid against said estate, or that the personal estate of said deceased is amply sufficient for the payment of all claims or liabilities outstanding or allowed against the said estate, the said probate court shall thereupon, by order, deliver over the said real estate of said deceased to the heirs or devisees of said estate, although the said estate shall not then have been finally settled, and thereupon the right of the said executor or administrator to the possession of the real estate of said deceased, and to receive the rents, issues and profits thereof shall cease: *Provided further,* That the provisions of this act shall not be construed to interfere with the possession of the homestead." 3 Comp. Laws, § 9354 (3 Comp. Laws 1915, § 13850).

This statute has been construed by this court on numerous occasions. *O'Connor* v. *Boylan,* 49 Mich. 209 (13 N. W. 519) ; *Kellogg* v. *Beeson,* 58 Mich. 340

(25 N. W. 300) ; *Rough* v. *Womer,* 76 Mich. 375 (43
N. W. 573), citing the earlier cases; *Pratt* v. *Millard,*
154 Mich. 114 (117 N. W. 552). See *Union Trust Co.*
v. *Kirchberg,* 174 Mich. 161 (140 N. W. 464). The
substance of these constructions is that an adminis-
trator has no interest in the real estate and no right
to the possession thereof except when there is insuf-
ficient personal property to pay the debts and ex-
penses of administration. In commenting upon the
statute it was said in *Rough* v. *Womer, supra,* that:

"It will be noticed that, while the executor has the
right to the possession, that right is given in contem-
plation that it may become necessary to exercise it in
the settlement of the estate for the purpose of the
payment of claims against the estate. Hence it is
that the duty of the executor is not made imperative
to exercise the right in all cases, but is only permissi-
ble when the necessity arises for its exercise, and un-
til such occasion does arise the heir or devisee, who
has entered upon the enjoyment of his property and
estate, ought not to be and cannot be lawfully dis-
turbed. In other words, the right is given to the ex-
ecutor, and only accompanies the necessity for its ex-
ercise."

The holding in *Pratt* v. *Millard, supra,* is that:

"An administrator, either general or special, has
no interest in the real estate, and no right to the pos-
session thereof, except when there is insufficient per-
sonal property to pay the debts and expenses of ad-
ministration."

The conditions present in the estate we are con-
sidering must be tested by this rule. The evidence
discloses neither personal property nor debts. It did
appear that some expenses had been incurred in ad-
ministering the estate, but counsel for defendant meets
this claim by pointing out that if there were expenses
incurred in administering the estate, they had neither
been passed upon nor allowed by the probate court,

and until they were so passed upon they were not a liability against the estate—citing *O'Connor* v. *Boylan, supra,* and *Kellogg* v. *Beeson, supra.* We think these authorities sustain the claim made for them. We, therefore, have an estate in which there is a farm, a sole heir in possession, but neither personal property nor debts, and no expenses of administration, which have reached the stage where they are a liability against the estate. These circumstances bring the case within the contention of appellant that the plaintiff has no such interest as entitles him to the possession of the real estate in question.

The judgment must be reversed, with no new trial, but the reversal will be without prejudice to an action of ejectment by any one who has sufficient interest in the premises to maintain it. Defendant will recover his costs in this court.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.