SYLVESTER *v.* BUTTON.

1. EXECUTORS AND ADMINISTRATORS—POSSESSION OF DEVISED LANDS SUBJECT TO DEBTS—EJECTMENT.

Where defendant, without the consent of the administrator of his father's estate, took possession of a farm devised to him by his father subject to "my just debts and funeral expenses," and claims were allowed against the estate exceeding the value of the farm, which was practically the only property in the State available to pay the debts, the administrator being entitled to possession under 3 Comp. Laws 1915, § 13850, the evidence justified the court below in directing a verdict in his favor, in an action of ejectment.

2. APPEAL AND ERROR—EJECTMENT—REVIEW.

Where plaintiff administrator, in ejectment for the possession of a farm devised to the defendant son of testator, subject to the debts of the estate, did not appeal from that part of the judgment in favor of the purchaser of a part of said farm from defendant, whether said part of the judgment was erroneous, *held*, not before the court.

Error to Van Buren; Des Voignes, J. Submitted June 11, 1919. (Docket No. 12.) Decided July 17, 1919.

Ejectment by William H. Sylvester, administrator with the will annexed of the estate of James P. Button, deceased, against Earl P. Button and others. Judgment for plaintiff on a directed verdict. Defendant Button brings error. Affirmed.

*Earl L. Burhans* and *David Anderson,* for appellants.

*Cady & Andrews* and *Thomas J. Cavanaugh,* for appellee.

STONE, J.   This is an action of ejectment, begun August 5, 1918, brought by the administrator of the estate (with the will annexed), of James P. Button, deceased, against the defendants and Fred J. Overton and Cynthia Overton for 80 acres of land in the township of Bangor, Van Buren county, which belonged to the said James P. Button in his lifetime.   April 27, 1912, said testator made a will by the terms of which his son, defendant Earl Porter Button, was devised the lands described in the declaration, and $800 out of sale of a store building at Milford, Illinois.   Emily L. Button, widow of testator, was devised a farm in Berrien county.   It seems to be conceded, however, that this last-named farm was owned by deceased and said Emily L. Button as tenants by the entirety, at the time of his death, and so did not pass to her under the will. She was also devised 40 acres of land in Butler county, Kansas, and a store building and lot in Milford, Illinois, subject to the $800 legacy above mentioned.   She was also the residuary legatee under the will.

These devises were all expressly subject to the payment of the just debts and funeral expenses of the testator.   The testator died December 23, 1913, and the will was duly admitted to probate in the probate court of Berrien county on February 2, 1914.   An appraisal was made of the estate bearing date March 3,

1914, which included the farm here involved at $6,000; 40 acres in Kansas at $800; store building in Illinois at $5,000, and personal property at $400, aggregating $12,200. As appears by the report of the commissioners on claims, bearing date July 25, 1914, claims were allowed against the estate aggregating $6,116.44. This, however, included a mortgage on the farm in question amounting to $2,294.95, which, after foreclosure by advertisement and sale, was redeemed from by the defendant, and should not be included in the indebtedness. The claims allowed also included claim of the widow "Emily L. Button paid J. P. Button mortgage and interest $2,135." It is claimed by defendants that this last claim was a mortgage on the Berrien county farm which, having been paid by the widow, the survivor, does not constitute a valid claim against the estate—a question that is not before us.

At the time of the death of James P. Button the store building in Milford, Illinois, was not insured, and the administrator did not insure it. It burned, and defendant Earl Porter Button filed in the said probate court a petition in said estate alleging the facts as to said building, that it was the duty of the administrator to insure it, that he had neglected his duty, that the building was destroyed March 18, 1914, and that the estate was damaged thereby to the extent of $4,000, and that the administrator should be held liable for such damage and loss to the estate. An order denying this petition was made on May 1, 1915. Later, a petition, by the administrator, to sell the real estate described in the declaration, for the purpose of paying debts, was filed in the probate court for Berrien county and a license was issued (the date not appearing in the record) but no sale was made under this license. On April 27, 1918, another petition was filed by the plaintiff praying for a license to sell, but no order was

made thereon. There was evidence that the plaintiff filed a petition in said probate court asking leave to bring this suit, and to employ counsel for that purpose, and an order was granted—the date not appearing. This was an *ex parte* proceeding, of which defendants had no notice. The defendant Earl Porter Button was called by the plaintiff for cross-examination under the statute, and he testified, among other things, that the Milford lot with the building burned off was worth, in his judgment, $2,500. He also testified as follows:

"I took possession of the farm in August, 1914. My father died in December, 1913. When he died Mr. Willis, the tenant, was living on the place, and in August, 1914, I took possession from Willis. I bought him out, and have held possession of the property ever since. The administrator has never asked me for any rent of the property and never interfered in any way with my possession. * * * As to the 20 acres I sold to Overton, he had an interest in that twenty before he got his deed. He had a lease of the twenty acres. He got his lease from me. I think it was in December. I know it was in 1914. It was two or three months after I took possession of the place. So I leased it to Overton and he was in possession under his lease, and last December (1917) I sold it to him and gave him a deed. Since August, 1914, I have taken the crops from the place, and have never shared in any way with the estate, and have never been required to do so. I have occupied the land as my own from August, 1914. * * * I went into possession of the farm by virtue of having bought out I. W. Willis. He had leased this farm from my father by a written lease, and I bought out his right and moved in by virtue of having bought out his right. * * * My father was dead when I bought out Willis. * * * I bought out the share of crops that he had growing in the year 1914, and in that way I got him to move, and then I took possession and I have had full control and possession in every way ever since without any interference from the administrator in any way, shape or manner."

This case was tried in the court below in November, 1918. Said defendant did not pay the taxes on the farm in question for the years 1914, 1915, 1916, or 1917.

At the time of the mortgage foreclosure sale above mentioned there was due on the mortgage on this farm, including costs, $2,693. The farm was sold for $5,900, thus leaving a surplus of $3,207, which remained in the hands of the sheriff, until it was taken out and used to redeem by the defendant Earl Porter Button, who also obtained $3,000 from said Overton by the sale of 20 acres of the farm, which made a sufficient sum to redeem. The taxes paid by the purchaser were the subject of the litigation in *Wood* v. *Button*, 205 Mich. 692. It appears from the record that the only property in Michigan in which said estate has any interest is the farm in question, and the $400 of personal property.

At the close of the testimony the defendants moved for a directed verdict in their favor, on the following grounds:

1. That the plaintiff, under the evidence, has shown no right to recover.

2. That the undisputed evidence in the case shows that James P. Button died December 23, 1913, leaving a last will and testament, under which this farm was specifically devised to the defendant Earl Porter Button, and that in August, 1914, said defendant obtained possession of this farm, which was his devise, and has ever since held possession thereof, without any reference to the administrator, and without being requested by the administrator, in any wise to account to him for any of the proceeds; and that said defendant has in all ways treated the property as his own.

3. Because the evidence shows that the probate court has not at any time, determined there was a deficiency in the property necessary to pay debts. Consequently there is no evidence before the court that there is any deficiency.

4. Because the undisputed evidence shows that no opportunity has been given to said defendant to pay any share of any deficiency in assets that might fall upon him, in settling the debts of said estate.

5. Because such administrator cannot, under any circumstances, maintain ejectment against a devisee in possession under the terms of the will, where that possession is with the consent of the administrator or executor, or otherwise.

6. That the undisputed evidence shows that there are other legatees, and other pieces of property devised, and these other legatees are bound to contribute towards the payment of debts as well as said defendant Earl Porter Button; and there has been no determination of the probate court, showing the amount that any devisee or legatee should be called upon to contribute.

This motion was denied. Thereupon both parties asked for a directed verdict. The trial court directed a verdict and judgment against defendants Earl Porter Button and wife, for the undisposed of portion of the land, and in favor of Fred Overton and Cynthia Overton for the 20 acres purchased by said Fred Overton.

The defendants Button have brought error, and by proper assignments of error have raised the same questions urged in the motion for a directed verdict, and they assert here that upon the whole record, and the statutes applicable thereto, the plaintiff is not entitled to recover.

The appellants rely upon the provisions of sections 13797 to and including 13801, 3 Comp. Laws 1915, and the decisions of this court thereunder, and especially upon *Atwood* v. *Frost*, 51 Mich. 360. Appellants call attention particularly to section 13799, 3 Comp. Laws 1915, which is as follows:

"All the devisees and legatees, who shall, with the consent of the executor or otherwise, have possession of the estate given to them, by will, before such liability

shall be settled by the probate court, shall hold the same subject to the several liabilities mentioned in the preceding section, and shall be held to contribute according to their respective liabilities to the executor or to any devisee or legatee from whom the estate devised to him may have been taken for the payment of debts or expenses; * * * and the persons who may, as heirs, have received the estate not disposed of by the will as provided in this chapter, shall be liable to contribute, in like manner as the devisees or legatees."

We are of the opinion that a careful examination of the statutes referred to, and of *Atwood* v. *Frost*, *supra*, will show that they are not applicable to the conditions here presented.

At the time defendant got possession of the farm in question, debts to a considerable amount had been proved against the estate. The property in question is the only property in this State available to pay the debts—save the small amount of personal property. The last petition for license to sell, although introduced in evidence, does not appear in the record. It probably was in the usual form and stated the amount of the debts unpaid. A careful reading of *Atwood* v. *Frost*, *supra*, will show that in that case the executor filed in the probate court a petition in which he recited the sales made by him, and stated that the sums received were insufficient for the satisfaction of the demands against the estate, and praying that the devisees and legatees who had received property from the estate under the will be decreed to pay the same in proportion to the value of the property received by them respectively; and the court granted the prayer of the petition and made an order of contribution in which a certain sum was assigned to be paid by Mrs. Dibol. This order of contribution was made on due notice to the parties concerned. That was the reason for the following significant language of Justice COOLEY:

"The action of the executor and of the probate court assumed that the land in dispute had been delivered into the possession of Mrs. Dibol with the executor's consent. That being so, the proceedings to compel her to contribute must have been taken under this statute. It was never contemplated that the executor might still treat the property as assets to be disposed of in the ordinary way."

We think that that case is readily distinguished from the instant case. Here all the property devised was made subject to "my just debts and funeral expenses," and the farm in question had not come into the possession of defendant Earl Porter Button with the executor's consent. As against the plaintiff's right, the possession of said defendant was wrongful, and the plaintiff has the right to possession for the statutory purpose. In our opinion, section 13850, 3 Comp. Laws 1915, entitles the plaintiff to possession of the real estate in question, and under the evidence justified the trial court in directing the verdict and judgment for the plaintiff. Whether that part of the verdict and judgment in favor of the Overtons was erroneous is not before us, as the plaintiff has not appealed.

We find no error in the record of which the appellants can justly complain, and the judgment below is therefore affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.