Ellen M. Chipman died testate in the city of Detroit, June 9, 1923. Her estate consisted of furniture, an automobile, a small sum of money, jewelry, and five pieces of real estate, four of which were situate in Detroit. The portions of her will, necessary for an understanding of the instant case, are: Paragraph two directs debts, funeral expenses, and cost of administration to be first paid. Paragraph four, five, six, seven and twelve provide for the payment of specific legacies amounting to $16,300. Paragraphs nine and ten make provision for the sale of her diamonds, the proceeds of which shall be used to pay debts, funeral and administration expenses, and confers power upon the executors to borrow money to pay all obligations, including legacies, if there is not sufficient money in their hands within a year to satisfy such demands, and gives them the further right to pledge or incumber any of the assets therefor. By paragraph eleven the testatrix gives to her brother, Edward L. Fields, "for and during the term of his natural life" her summer home and two pieces of property on Lincoln avenue in Detroit, and makes provision that after his death such property shall pass to the residuary devisees.
The appellee, Edward L. Fields, now claims he is entitled to the net rents and profits derived thus far from this real estate so devised to him by paragraph eleven of the will, which amounts to $3,174, now in the hands of the executors, and which they refuse to pay. On the petition of Fields in the probate court, it was ordered that the executors pay him said sum from the assets of the estate on hand. On appeal to the circuit court the case was tried without a jury, and a like order was entered, and the parties are here on case-made after judgment for review.
The circuit judge held (and he was clearly supported in his conclusion by the evidence) that the amount in *Page 132 
the hands of the executor of net revenues from the properties amounted to $3,174, and that there were sufficient assets in the hands of the executors to pay in full all debts, legacies, expenses of administration and charges against the estate, without having recourse to the income from the real property specifically devised.
It was the clear intention of testatrix, as expressed in her will, to charge the payment of legacies, debts, and expenses of administration, to the residuary beneficiaries named in paragraph thirteen thereof, inasmuch as specific direction was given that these were to be paid, first, from the sale of her diamonds, and second, if this was not sufficient, then by money to be raised by mortgage of the real estate. It is equally clear that her intention, with reference to the life estate created for her brother, Edward L. Fields, was that he should have and enjoy the property without reservation of any kind "for and during the term of his natural life."
The executors have, from the sources provided in the will, plenty of resources to carry out all of its provisions. They are therefore not entitled to the possession of this real estate, nor its earnings. Pratt v. Millard, 154 Mich. 112, and cases there cited; Howes v. Barney, 199 Mich. 569.
No reason exists in the instant case to depart from the general rule that the life tenant is entitled, during the continuance of the life estate, to the income from the property in which he has a life interest. Drier v. Gracey, 203 Mich. 399.
Section 13850, 3 Comp. Laws 1915, providing that the executor shall have a right to the possession of the real as well as the personal estate, is relied upon by appellant. Under the provisions of this act, Fields has obtained an order of the court directing delivery to him of this real estate, and he is now in possession. *Page 133 
This order was secured upon it being made to appear that there were no debts or liabilities outstanding that could not be paid from the personal estate and money on hand received from the mortgage. By reason of the construction given the will of testatrix, there is nothing in the statute which prevents the accumulated net earnings from the property being turned over to Fields by the executors.
The order of the circuit court is affirmed, with costs to appellee.
BIRD, C.J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.