## *In re* THOMPSON'S ESTATE.

1. Executors and Administrators—Expenses Not Allowed Are Not a Liability Against Estate.

Expenses incurred in administering an estate which have not been passed upon or allowed by the probate court are not a liability against the estate.

2. Same—Administrator Not Entitled to Possession of Real Estate Where There Are No Debts.

Where an estate consists of a farm of which the heir is in possession, and there are neither personal property nor debts, and no expenses of administration which have reached the stage where they are a liability against the estate, the administrator has no such interest as entitles him to the possession of the real estate.

3. Same—Heir in Possession of Real Estate May Not be Disturbed Unless Needed For Payment of Debts.

Where an heir or devisee enters into possession of real estate with the consent of the executor or administrator under 3 Comp. Laws 1915, § 13799, his possession may not be disturbed unless it appears that the real estate must be used for the payment of debts.

4. Estates—Duty of Life Tenant to Pay Taxes.

It is the duty of the life tenant in possession of producing property to pay the taxes on the property held as life tenant as well as on the part held in fee.

5. Executors and Administrators—Administrator Not Entitled to Proceeds of Sale of Real Estate Where There Are No Debts Against the Estate.

Where the widow had possession of her deceased husband's real estate under his will, one-half as tenant in fee and one-half as life tenant, and there were no debts or expenses of administration established as a liability against his estate, on the death of the widow and the sale of the real estate, the administrator of the husband's estate was not entitled to receive the one-half of the proceeds belonging to the widow.

---

[1]Executors and Administrators, 24 C. J. § 513 (Anno); [2]Id., 24 C. J. § 603; [3]Id., 24 C. J. § 603; [4]Estates, 21 C. J. § 93; [5]Executors and Administrators, 24 C. J. § 603.

Error to Hillsdale; Chester (Guy M.), J.          Submitted January 18, 1928.          (Docket No. 109.)          Decided February 14, 1928.

John R. Thompson, administrator *de bonis non*, with the will annexed, appealed from an order of the probate court in the distribution of the estate of Nelson W. Thompson, deceased.          From a judgment modifying the probate order, the administrator brings error. Affirmed.

*Fred C. Temple, M. E. Tripp*, and *Fred H. Stone*, for appellant.

*Paul W. Chase*, for appellee.

SHARPE, J.          The trial court made findings of fact and stated his conclusions of law applicable thereto. They so fully accord with our views that we adopt them as our own.

"Nelson W. Thompson died testate in Allen county, Indiana, February 22, 1903, leaving a widow, Nancy Thompson, and no issue.          His will provides:

" '*First:* I give, devise and bequeath to my wife, Nancy Thompson, and her heirs, one-half of all my real and personal property wherever situated to have and to hold the same for her own proper use and benefit.          I also give and bequeath to my said wife the use and income from the other half of all my personal and real property so long as she may live.          I also will and direct that if it becomes necessary to use any of the principal for her comfort and support that shall be done so that she may not want for the comforts of this life.'

"The remainder of his estate is bequeathed to his brothers and sisters and children of a deceased sister. This will was duly admitted to probate at Fort Wayne in Allen county, Indiana, the domicile of deceased, on March 5, 1903, and George W. Thompson, of Grand Rapids, Michigan, was appointed administrator with the will annexed and duly qualified as such.          Afterwards, and upon March 24, 1903, a petition was filed

in the probate court of Hillsdale county, Michigan, for an ancillary probate in said court of said will, as a foreign will, and upon April 20, 1903, the will was duly admitted to probate, and George W. Thompson was appointed administrator with the will annexed and duly qualified as such. The administrator made and filed an inventory of the property of said estate situated in Hillsdale county, Michigan, as follows: A farm of 184 acres, appraised at $7,440. House and lot in the village of Osseo, appraised at $300. Personal property, appraised at $987.55. There isn't any evidence on this hearing that any bills or claims owing by Nelson W. Thompson were presented or allowed in the probate proceedings in Indiana.

"The evidence shows that an order was entered in the probate court for Hillsdale county on October 20, 1903, as follows:

" 'This being the day assigned by the court for hearing claims against said estate (Nelson W. Thompson estate) and it appearing from due proof on file that due notice of the hearing of claims by said court has been given as directed by the court, and no claims having been presented for examination and allowance:

" 'It is ordered that the time for presenting claims against said estate be and the same is hereby closed.'

"This order has never been modified nor set aside, and the estate has never been reopened for filing claims against it. The evidence shows that soon after the death of Nelson W. Thompson, and with the consent of the administrator, Nancy Thompson took possession of the house and lot and made extensive improvements by rebuilding the house, which was paid for out of life insurance money received on the death of Nelson W. Thompson. The proofs do not show whether this money belonged to Nancy Thompson or to the estate. In this connection, she took possession of and exercised a supervision and control, by the consent of the administrator, over the farm, as is evidenced by the fact that the leases were approved by her before they became effective, and also by the fact that since Nancy Thompson's death both administrators have handled the property jointly. True, George W. Thompson assisted her and signed the leases as administrator

of Nelson W. Thompson's estate, and assisted her in settling with the tenants and seeing to it that all income from the farm was given her.     I think the evidence fairly shows that Nancy Thompson had possession and control of the farm as well as of the house and lot.

"George W. Thompson died in February, 1920, and on March 25, 1921, John R. Thompson, son of George W. Thompson, was duly appointed administrator *de bonis non* with will annexed, and qualified as such, and continued to handle the property for Nancy as had been done by his father.    Nancy Thompson died testate at Osseo, Hillsdale county, Michigan, October 17, 1922, and had occupied the house and lot substantially all the time since her husband's death.     Aaron Perrin was appointed and qualified as administrator with the will annexed of the estate of Nancy Thompson.    After the death of Nancy Thompson, the property was handled jointly by the two administrators, and the proceeds divided equally between them, including the personal property on the farm.     The amount or amounts are not stated.

"That about September 27, 1922, John R. Thompson, administrator of the estate of Nelson W. Thompson, petitioned said probate court for an order granting the right to sell the real estate belonging to the estate of Nelson W. Thompson.    At the same time the administrator of Nancy Thompson's estate petitioned said court for an order granting the right to sell the real estate belonging to Nancy Thompson, and described the property as an undivided one-half interest in the lands listed in the appraisal.     Upon a hearing, the probate court licensed each of said administrators to sell an undivided half interest therein or sell it as a whole and divide the net proceeds of the sale equally between the estates.

"Pursuant to such order, a sale was made of the house and lot and the farm, and in due time the purchase price paid and deeds delivered.     After paying costs of abstract, expenses of sale and back taxes of $1,140.98, etc., the balance was divided in equal parts, the administrator of the Nelson W. Thompson estate receiving $3,650 and the administrator of the Nancy Thompson estate receiving $3,650.     The evidence is

not clear as to how this amount was arrived at, nor just what the taxes were, but each estate received net $3,650, and each estate paid half of the taxes. This division was by order of the probate court of Hillsdale county.    After the above order and division of the proceeds of sale, John R. Thompson, administrator *de bonis non* of the estate of Nelson W. Thompson, filed a petition in said court in the nature of an appeal from the order of the probate court, setting up in a general way certain claimed proceedings had in said estate, and therein charges that said 'Estate and the will was duly probated and closed in the State of Indiana.'    Appellant claims that the order dividing the moneys received from such sale is without warrant or authority of law, and prays for an order requiring Aaron Perrin, administrator of the estate of Nancy Thompson with the will annexed, to turn over to the administrator of the Nelson W. Thompson estate all the proceeds in his hands received from such sale by the order of the probate court.    Appellant does not ask that the sale be set aside.    Appellant insists that all the moneys derived from the sale of the real estate should come into his hands, and all the debts of and claims against Nelson W. Thompson and the costs of administration be first paid, and then the proceeds divided, and that from the share, if any, belonging to the estate of Nancy Thompson all the taxes should be paid out of Nancy Thompson's share except one-half the taxes after Nancy Thompson's death.

"As I understand appellant's contention, he is raising three questions only on the order of the probate court, namely:

"*First:* That he and the administrator preceding him have had actual possession of all the real and personal estate from the death of Nelson W. Thompson, deceased, till the time the order was made by the probate court.

"*Second:* That the taxes on the life estate should be paid by the life tenant and not out of the corpus of the estate in remainder as was required by the probate order.

"*Third:* That he is entitled to the estate to pay debts and administration expenses.

"The will gave to Nancy Thompson one-half of the real and personal property in fee, and the life use of

the other half.    It also provides that if it becomes
necessary to use any of the principal for her comfort
and support that shall be done.    The evidence does
not bear out the contention of appellant that the ad-
ministrators took, had, and retained possession of the
real and all the personal estate.    It shows that Nancy
had the possession of both real and personal estate
and the control of the same, and this by the consent
of the administrators.

"Section 13850, 3 Comp. Laws 1915, provides that:

" 'The executor or administrator shall have a right to the
possession of all the real as well as personal estate of the de-
ceased   *   *   *   until the estate shall have been settled, or until
delivered over by order of the probate court.   *   *   *   *   *   *   *   *   *   Provided,
That whenever, on application of the heirs, or devisees, or any
of them, it shall be made to appear to the said probate court
that there are no debts or liabilities outstanding and unpaid
against said estate, or that the personal estate of said deceased
is amply sufficient for the payment of all claims or liabilities
outstanding or allowed against the said estate, the said probate
court shall thereupon, by order, deliver over the said real
estate.'   *   *   *

"The administrator now has one-half of this estate,
including the personal property, and asks for an order
for the other.    The evidence shows there was and is
personal property in this estate, and does not disclose
any debts against Nelson W. Thompson estate.    It
may be that some expenses of administrator were
incurred before the estate was turned over to Nancy,
but whether they were paid or not does not appear.
Appellant insists that the costs and expenses for ad-
ministering this estate from the time the administrator
was appointed until he, as administrator, may close
it, may amount to a large sum, and that the one-half
given to Nancy and possessed and enjoyed by her
should now be turned over to him to bear a share of
such expenses.

"In the 199 Mich., at page 572 et seq. (Howes v.
Barney), our Supreme Court said, in construing said
section 13850:

" 'This statute has been construed by this court on numerous
occasions.    O'Connor v. Boylan, 49 Mich. 209; Kellogg v. Beeson,

58 Mich. 340; *Rough* v. *Womer*, 76 Mich. 375, citing the earlier cases; *Pratt* v. *Millard*, 154 Mich. 114. See *Union Trust Co.* v. *Kirchberg*, 174 Mich. 161. The substance of these constructions is that an administrator has no interest in the real estate and no right to the possession thereof except when there is insufficient personal property to pay the debts and expenses of administration. In commenting upon the statute it was said in *Rough* v. *Womer*, *supra*, that:

" ' "It will be noticed that, while the executor has the right to the possession, that right is given in contemplation that it may become necessary to exercise it in the settlement of the estate for the purpose of the payment of claims against the estate. Hence it is that the duty of the executor is not made imperative to exercise the right in all cases, but is only permissible when the necessity arises for its exercise, and until such occasion does arise the heir or devisee, who has entered upon the enjoyment of his property and estate, ought not to be and cannot be lawfully disturbed. In other words, the right is given to the executor, and only accompanies the necessity for its exercise."

" 'The holding in *Pratt* v. *Millard*, *supra*, is that:

" ' "An administrator, either general or special, has no interest in the real estate, and no right to the possession thereof, except when there is insufficient personal property to pay the debts and expenses of administration."

" 'The conditions present in the estate we are considering must be tested by this rule. The evidence discloses neither personal property nor debts. It did appear that some expenses had been incurred in administering the estate, but counsel for defendant meets this claim by pointing out that if there were expenses incurred in administering the estate, they had neither been passed upon nor allowed by the probate court, and until they were so passed upon they were not a liability against the estate—citing *O'Connor* v. *Boylan*, *supra*, and *Kellogg* v. *Beeson*, *supra*. We think these authorities sustain the claim made for them. We, therefore, have an estate in which there is a farm, a sole heir in possession, but neither personal property nor debts, and no expenses of administration, which have reached the stage where they are a liability against the estate. These circumstances bring the case within the contention of appellant that the plaintiff has no such interest as entitles him to the possession of the real estate in question.'

"Section 13799, 3 Comp. Laws 1915, provides that if possession be taken by devisees and legatees by con-

sent of the executor, the holding by them is subject to liability to the executor to make contribution for any deficiency in the personalty necessary for the payment of the debts or to make up the share of a child born after the making of the will, or of a child or the issue of a child omitted in the will.

"Our court, in construing sections 13799 and 13850, in 229 Mich., at page 522 (*Chapin v. Chapin*), says:

"'These provisions have been construed in many cases. They are collected and discussed in *Howes v. Barney*, 199 Mich. 569, and *Sylvester v. Button*, 207 Mich. 24. The holding has been that where an heir or devisee enters into possession with the consent of the executor under section 13799 his possession may not be disturbed unless it appears that the real estate must be used for the payment of debts.'

"True, the administrator or executor cannot give legal or effective construction to the will; that is for the court. The case of *Brown v. Forsche*, 43 Mich. 492, is illustrative of the proceedings herein considered. See, also, *In re Chipman's Estate*, 235 Mich. 130.

"*Second.* It was the duty of the life tenant in possession to pay the taxes on the property held by her as life tenant as well as the part held by her in fee, the life estate being producing property. *Jenks v. Horton*, 96 Mich. 13; *Watkins v. Green*, 101 Mich. 493; *Poole v. Union Trust Co.*, 191 Mich. 162 (Ann. Cas. 1918E, 622).

"*Third.* Nancy Thompson in her lifetime, being in possession of the one-half of the estate given her in fee, as well as the one-half given her for life, and the one-half of the estate given her for life having after her decease been turned over to and being now in the possession of the administrator of the Nelson W. Thompson estate, and there being no debts and no expenses of administration established as a liability of the estate of Nelson W. Thompson, I am not persuaded that the moneys received from the sale of Nancy's one-half interest in the real estate should be turned over to the administrator of Nelson W. Thompson's estate.

"It follows that the order of the probate court should be modified by requiring the estate of Nancy Thompson to pay all the taxes on the life estate until the time

of her death.     In all other particulars the order to stand as made by the probate court."

The order made pursuant thereto is affirmed.

NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.