CASPER *v.* RALPH.

1. EXECUTORS AND ADMINISTRATORS—POSSESSION OF PROPERTY.
The provision of the probate code relative to taking possession of property of an estate of a decedent by the fiduciary is mandatory (Act No. 288, chap. 7, § 1, Pub. Acts 1939).

2. EJECTMENT—NATURE OF ACTION.
Ejectment is a possessory action.

3. SAME—ADMINISTRATOR OF DECEDENT'S ESTATE AS PLAINTIFF.
Where statute requires the fiduciary of an estate to take possession of the real and personal property thereof immediately

REFERENCES FOR POINTS IN HEADNOTES
[2] 18 Am. Jur., Ejectment, § 2.
[3] 21 Am. Jur., Executors and Administrators, § 911.

following his appointment, the administrator of the estate of a deceased was a proper party plaintiff in an action of ejectment to recover possession of decedent's homestead, especially where the heirs are not in possession and do not appear to have requested that the property be assigned to them, even though property was not needed to pay debts and expenses of estate (Act No. 288, chap. 7, § 1, Pub. Acts 1939).

Appeal from Delta; Bell (Frank A.) and Jackson (Glenn W.), JJ. Submitted October 14, 1948. (Docket No. 56, Calendar No. 44,202.) Decided December 17, 1948.

Ejectment by Jacob B. Casper, administrator of the estate of Kolman Casper, deceased, against Doris Ralph to gain possession of real estate. Directed verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Yelland & Yelland,* for plaintiff.

*Alger W. Strom,* for defendant.

BUSHNELL, C. J. This is an appeal by defendant Doris Ralph from a judgment in an action of ejectment brought by plaintiff Jacob B. Casper, administrator of the estate of Kolman Casper, deceased, which was entered upon a directed verdict. Defendant also appeals from the denial of her motion for a new trial. The property involved is the home of the deceased, located in the village of Garden in Delta county.

The sole question raised on this appeal is whether an administrator is a proper party plaintiff in an action of ejectment to recover possession of real estate when such realty is not required to pay the debts and expenses of the estate.

Doris Ralph, who for many years was Kolman Casper's housekeeper, remained in the home after his death, under an arrangement to care for the

property, for which she was paid a monthly stipend, in addition to her light, fuel and the use of the home. It is claimed that she agreed to vacate the property when called upon to do so, and that she never made any claim to any interest in the homestead other than in her petition to be declared a common-law wife. That claim, as well as her claim against the estate for services, and another claim involving some furniture and a specified sum based upon an alleged agreed settlement, were all decided adversely to her, and the present action in ejectment followed.

The record shows that there are 12 legal heirs, consisting of two sisters, a brother, and a number of nephews and nieces, and that there is cash in the amount of $25,000 in the estate, with no unpaid claims.

Chapter 7, § 1, of the probate code (Act No. 288, Pub. Acts 1939 [Comp. Laws Supp. 1940, §. 16289–7 (1), Stat. Ann. 1943 Rev. § 27.3178 (381)]) reads:

"The fiduciary shall have a right to the possession of all of the real as well as the personal estate of the deceased or the ward, and it shall be his duty to take possession thereof immediately following his appointment. The fiduciary may lease said real estate as provided in this act, and cancel or modify any existing lease or leases given by a decedent or ward in the same manner that the deceased or ward might have done, and may receive the rents, issues and profits of the real estate of a decedent or ward until the estate shall have been settled, or until delivered over by order of the probate court to the person or persons entitled thereto; and he shall keep in good tenantable repair all houses, buildings and fences thereon, which are under his control so long as they are under his control: Provided, That whenever, on the application of any heir or devisee interested in any parcel of real estate in a decedent's estate, it shall be made to appear to the probate court that there are no charges outstanding and unpaid against

said estate and that there are no legacies unpaid or other rights unsatisfied for the payment or satisfaction of which such parcel of real estate is subject to appropriation, or that there is other property in the estate which is subject to prior appropriation for the payment of such charges and legacies or the satisfaction of such rights, and that such property is amply sufficient for that purpose, the said probate court shall thereupon by order deliver over the said parcel of real estate to said heir or devisee, although the said estate shall not then have been fully settled, and thereupon the right of the said executor or administrator to the possession of said parcel of real estate, and to receive the rents, issues and profits thereof shall cease. The provisions of this chapter shall not be construed to interfere with the possession of the homestead."

This section, of long standing, when re-enacted in the probate code was enlarged to embrace the property of a ward as well as a deceased, and the language requiring the fiduciary to take possession of real and personal property was added to the first sentence thereof.

The section as worded in 3 Comp. Laws 1915, § 13850, was discussed in *Howes* v. *Barney,* 199 Mich. 569, where it was held that an administrator's right to possession was only permissive when the necessity arose for its exercise, citing among other authorities, *Rough* v. *Womer,* 76 Mich. 375, and *Pratt* v. *Millard,* 154 Mich. 112. These authorities would control the instant case were it not for the added words of the statute, which cannot be construed as other than mandatory.

Ejectment is a possessory action. The statute now requires a fiduciary to take possession of the real and personal property. The heirs are not in possession, nor does this record disclose that they have requested that the property be assigned to them. Hence, there can be no doubt about the right

of the administrator to bring ejectment, and we are
in accord with the views expressed by the trial judge
and with those of his successor who denied the mo-
tion for new trial.

The judgment of ejectment and the order denying
a new trial are affirmed, with costs to appellee.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL,
and CARR, JJ., concurred.