CHARLES H. HOFMANN V. EUGENE A. TUCKER, ADMINISTRATOR.

FILED APRIL 19, 1899.  No. 8868.

1. Action by Administrator to Recover Property Fraudulently Transferred. An administrator cannot maintain a suit under the provisions of section 211, chapter 23, entitled "Decedents" (Compiled Statutes 1897), unless there are debts of the deceased to be paid and insufficient assets to discharge them, and, ordinarily, the claims must have been allowed or adjudicated against the estate.

2. ———; PLEADING AND PROOF; VARIANCE, If the pleading is of al-

lowed claims, and the proof is of claims presented but not ad-
justed at the time of the institution of the action, there is a
variance.

3. ———: FINDING FOR PLAINTIFF: EVIDENCE. The finding and judg-
ment of the district court *held* not warranted or sustained upon
any entertainable theory of the issues presented and evidence
adduced in their support.

ERROR from the district court of Richardson county.
Tried below before BABCOCK, J. *Reversed.*

*Edwin Falloon* and *James Falloon*, for plaintiff in error.

*Clarence Gillespie, Francis Martin,* and *E. A. Tucker,*
contra.

HARRISON, C. J.

It was alleged in the petition herein that Charles Hof-
mann, then a resident of Richardson county, died on or
about January 25, 1893, and that he left no last will and
testament, and on September 8, 1893, the defendant in
error was by the proper court appointed administrator
of the estate of the deceased, gave his bond, and, after the
completion of usual preliminary proceedings, entered
upon his duties as such administrator; that claims
were presented and allowed, in the aggregate the sum of
$2,000, and there were further claims of which the admin-
istrator had information which would probably be pre-
sented for adjustment; that Charles Hofmann, at the
time of his death, was the owner and in possession of cer-
tain personal property which had been appropriated by
Charles H. Hofmann, a defendant in the action, now
plaintiff in error, and the administrator had been unable
to obtain possession or control of any portion or article
of the personal estate of the deceased, and the whole of
it, or its proceeds, if he could have reduced it to posses-
sion and disposed of it, would not have been sufficient
to discharge the claims allowed against the estate. It
was further pleaded that Charles Hofmann, at the time

of his death, was the real and equitable owner of 240 acres of land, a farm in Richardson county (it was specifically described in the petition), of the value of $6,000 or $7,000; that the greater number of the debts which had been allowed against the estate were contracted prior to February 20, 1888; that on February 22, 1888, Charles Hofmann and his wife executed a warranty deed, by which they purported a conveyance of the land, to which allusion has been made, to his two sons, Charles H. Hofmann and Fred W. Hofmann, and said deed was duly filed and recorded in the proper office and book April 14, 1888. For some further statements we will quote from the petition: "The said deed was so made without any consideration whatever and covered all the land owned by said deceased, and the same was, in truth and in fact, made to the said grantees in trust to pay the debts of deceased, although no trust was recited therein, and the consideration was falsely stated to be $5,000. No such amount of money and no amount whatever was in fact paid for such conveyance. Said Charles Hofmann always, after the execution of said deed, claimed to be the owner of said land, and he paid the taxes thereon to the time of his death. The said deed was executed and received by the grantees in fraud and to defraud the creditors of Charles Hofmann, which fact was then and there well known to the said grantees named in the deed." "On the 30th day of January, 1893, said Fred W. Hofmann conveyed all his interest in the above described land to his brother, Charles H. Hofmann, in consideration of $1,000, by deed recorded February 2, 1893, in book 53, page 594, of the records of said county. It was further stipulated between said last named parties that as a further consideration of said deed Charles H. Hofmann was to pay all the debts of the estate of said Charles Hofmann, deceased. Said agreement is shown and evidenced by an article of agreement in writing and now in the hands of Charles H. Hofmann, or his attorney, Charles H. Herold, of Bern, Kansas." The prayer was

that the warranty deed to the sons be declared null and
void, and the administrator be authorized to sell the land
for the payment of the claims against the estate. For
Fred W. Hofmann there was filed a disclaimer of any
interest in the subject of the action. In the answer of
Charles H. Hofmann there was an admission that the
land described in the petition was on the date stated con-
veyed by the father to the two sons; that at the time the
father was indebted to certain persons in sums stated in
the answer; also that he had for a sufficient valuable con-
sideration become charged with the care and mainte-
nance of his idiotic sister; that the sons, in consideration
of the conveyance to them of the land aforesaid, assumed
the payment or discharge of the obligations of the father
which were set forth in the answer, and had duly per-
formed their agreements. It was further answered for
Charles H. Hofmann that he had purchased and received
a conveyance of the interest in and to the land of his
brother, Fred W. Hofmann. It was also stated that the
father, when he conveyed the land to his sons, was pos-
sessed of sufficient other property to discharge his debts,
and that none of the claims to which reference was made
in the petition were contracted prior to February 22,
1888, the date the father conveyed the land to his two
sons. There was also a plea of the bar of the statute of
limitations. The reply was a general denial of all the
material allegations of new matter in the answer.

After the trial of the issues presented the court made
a finding "That the real estate in question was deeded
by the deceased in his lifetime, Charles Hofmann, to his
two sons, Charles Hofmann and Frederick Hofmann,
charged with the payment of all the legal debts of the
grantor," and adjudged "That the claims allowed against
the estate of the said Charles Hofmann, deceased, be,
and the same are hereby, declared to be a charge and lien
against the real estate of Charles Hofmann, deceased,
described in the plaintiff's petition herein." The peti-
tion was so framed as to possess a dual character or

effect. There were allegations which clearly indicated an action to set aside the conveyance of the land to the sons because it was fraudulent as to the rights of creditors. There were also statements by which it was sought to fasten upon the property conveyed a trust which might be enforced herein. There was here really pleaded a conveyance of the land to the sons and a contract by them to pay the debts of the grantor.

The first branch of the petition to which we have referred was evidently written to outline a right of the administrator to claim relief under and by virtue of the provisions of section 211, chapter 23, Compiled Statutes 1897, which reads as follows: "When there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall, in his lifetime, have conveyed any real estate or any right or interest therein, with the intent to defraud his creditors, or to avoid any right, debt, or duty of any person, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator may, and it shall be his duty to commence and prosecute to final judgment any proper action or suit at law or in chancery for the recovery of the same, and may recover, for the benefit of the creditors, all such real estate so fraudulently conveyed; and may also, for the benefit of the creditors, sue and recover for all goods, chattels, rights, or credits which may have been so fraudulently conveyed by the deceased in his lifetime, whatever may have been the manner of such fraudulent conveyance." And the pleading, aside from some possible indefiniteness not very material, was sufficient in its averments of a cause of action under said section. To authorize the action by the administrator there must be creditors and an insufficiency of assets in the hands of the administrator or of the estate to be administered to discharge the debts. (*Field v. Andrada*, 39 Pac. Rep. [Cal.] 323.) It has also been announced that prior to the allowance of the claims against the estate. the statu-

tory action by the administrator will not lie. (*Field v. Andrada, supra;* *Ohm v. Superior Court,* 26 Pac. Rep. [Cal.] 244; *Mesmer v. Jenkins,* 61 Cal. 153; *McMinn v. Whelan,* 27 Cal. 300; *O'Connor v. Boylan,* 49 Mich. 209, 13 N. W. Rep. 519; *Fletcher v. Holmes,* 40 Me. 364; *Estes v. Wilcox,* 67 N. Y. 264.) It has been decided in Wisconsin under a statute similar to ours that the administrator, if satisfied that there will be a deficiency, should not wait to have claims of creditors judicially established before bringing the action. (*Andrew v. Hinderman,* 71 Wis. 148, 36 N. W. Rep. 624.) The best reasons, we think, are in favor of the first of the rules stated; hence we approve it.

In the case at bar the petition contained declarations of claims which had been allowed, but when the proof was reached it disclosed that prior to the inception of the suit none had been allowed, although they had been presented for adjustment; hence, regardless of the view we might have accepted relative to the rule which should prevail of the two to which we have alluded, or a modification of either, there was a variance herein between the allegations and the proof, and the latter would not support the former. It has been held that the administrator cannot sue to enforce a trust and compel a reconveyance of lands. (*James v. Throckmorton,* 57 Cal. 387.) But this we need not decide. The evidence in the case at bar tended to support a third possible theory of the petition—that is, that the land had been conveyed to the sons upon the agreement by them to pay the grantor's debts. This was admitted by the plaintiff in error with the modification that the agreement was not to pay all the father's debts but to pay such as were specified, and of which there are averments in the answer. Viewed in any light or upon any entertainable theory of the issues formed and the evidence adduced, the finding and the judgment of the court based thereon, the entry of which we have quoted, were not warranted or sustained, must be reversed, and the cause remanded.

REVERSED AND REMANDED.