[S. F. No. 2166.   Department Two.—August 7, 1902.]

## WILLIAM ACKERMAN, Administrator, etc., Respondent, v. FRANCIS MERLE et al., Appellants.

ESTATES OF DECEASED PERSONS—ACTION BY ADMINISTRATOR—CONVEYANCE TO DEFRAUD CREDITORS—PLEADING—DEFICIENCY OF ASSETS.— A complaint by an administrator in an action to recover for the benefit of the creditors of the decedent certain real estate alleged to have been fraudulently conveyed by the decedent, with intent to defraud creditors, sufficiently shows a right of action, if it alleges, in the language of the statute, that there is a deficiency of assets in the plaintiff's hands and in the estate of the decedent to meet the payment of an allowed claim.

ID.—ABSENCE OF SPECIAL DEMURRER.—In the absence of a special demurrer, the complaint need not show that all of the property sought to be recovered is needed for the payment of creditors, nor that between the time of the conveyance and the time of the commencement of the action the estate continued without sufficient property to satisfy the creditors.

ID.—RIGHT TO RECOVER ALL REAL ESTATE—PRIVILEGES OF GRANTEE.— The statute gives the right to the administrator, in case of the deficiency of assets, "to recover for the benefit of creditors all such real estate so fraudulently conveyed." If the holders of the fraudulent conveyance deem that there is a large margin of value of the property in excess of the claims of creditors that ought not to be handled by the administrator, they may pay off the creditors and prevent further right of action.

ID.—ALLOWED CLAIM UPON JUDGMENT—LIEN UPON PROPERTY.—The fact that the allowed claims were upon a judgment which was a lien on the property prior to the fraudulent conveyance does not affect the right of the administrator to have the fraudulent conveyance declared void by judicial decree.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion.

B. S. Gregory, J. C. Boyle, and Whitcomb & Boyle, for Appellants.

Ben F. Woolner, Stearns & Elliott, and George E. Caldwell, for Respondent.

GRAY, C.—This action was brought by plaintiff, as administrator of the estate of Amanda French, deceased, under the provisions of section 1589 of the Code of Civil Procedure, for the purpose of recovering for the benefit of the creditors of said deceased certain real estate alleged to have been fraudulently conveyed away by said deceased in her lifetime with intent to defraud said creditors. The plaintiff had judgment, from which defendants appeal on the judgment-roll, without a bill of exceptions.

Appellants' objections on this appeal are all directed against the complaint. It is now urged that the complaint is insufficient for several reasons. There was no demurrer to the complaint, and, so far as we can discover from the record before us, no objection taken in any way in the court below to the complaint or any part thereof; and we think the objections for the first time now made are not of a nature to demand a reversal of the judgment.

The complaint alleged, in the language of the statute, "that there is a deficiency of assets in plaintiff's hands and in the estate of said deceased to meet the payment of said claim." (Code Civ. Proc., sec. 1589.) This was a sufficient allegation to show a right to begin the action under the statute; and certainly, in the absence of a special demurrer, the complaint was sufficient in this respect without additional allegations showing that *all* of the property sought to be recovered was needed to pay creditors of the estate. The statute does not by its terms require any such showing on the part of plaintiff to uphold his right to maintain the action, and therefore no such thing need be alleged in the complaint. Under the terms of the statute it would seem that, whenever there is a substantial deficiency of assets in the hands of an administrator, he may, *for the benefit of creditors,* recover all estate that has been conveyed away in such manner that the conveyance thereof was void as against creditors of the deceased. It does not say that he may recover a part of the real estate fraudulently conveyed, or sufficient of it to satisfy the claims; but it says he "may recover for the benefit of creditors *all* such real estate so fraudulently conveyed." If the unfortunate holders of the fraudulent conveyances think that there is a large margin of value in their property in excess of the creditors' claims that ought not to be handled by the administrator,

the law leaves them to remedy their ills by paying off the creditors that they have sought to defraud. The creditors once paid, there would be no creditors and no ground of action for the benefit of creditors.

Nor, in the absence of a special demurrer, can it be held that the complaint is insufficient to support the judgment for failure to show that between the time of the conveyance and the time of the institution of the suit the debtor continued without sufficient property to satisfy the creditors. What the rule would be in this regard, in case the sufficiency of the complaint had been challenged in the court below, is a question that does not arise on the record before us. The fact that the creditors' judgment was a lien on the property before its fraudulent conveyance does not affect his right to have the conveyance declared void by judicial decree. The objections urged by appellants do not go to the merits of the case, but are strictly technical in their nature, and, not having been made in the court below, they must here be treated as having been waived.

The judgment should be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     McFarland, J., Temple, J., Henshaw, J.