(March 1, 1921.)

ANNA M. MOODY, as Administratrix of the Estate of E. H. BEGGS, Deceased, Appellant, v. ANNA E. BEGGS, Respondent.

[196 Pac. 306.]

HUSBAND AND WIFE—FRAUDULENT CONVEYANCE—CROSS-EXAMINATION.

1. A conveyance from the husband to the wife of all the husband's property, the consideration being a debt alleged to be due from the husband to the wife for moneys received from the wife, cannot be sustained against creditors at the time of such conveyance by evidence that the wife has turned over to her husband a large amount of her separate funds to be used by him in his business enterprises, when there is no showing of an agreement either express or implied that he would repay her.

2. If a wife places her separate funds in the hands of her husband to be used in his business enterprises and he so uses them through a long period of time and then conveys to her all of his property in consideration of the moneys that he has received from her, when he has a large amount of indebtedness outstanding, if such conveyance is questioned by the creditors the burden is upon the wife to show clearly that at the time she placed her moneys in the hands of her husband they were so

────────

Authorities discussing the question of transactions between husband and wife as fraud on creditors, see notes in 90 **Am. St.** 499; 32 **L. R. A.** 67.

On burden of proof as to fraud against creditors in transfer from husband and wife, see notes in 11 **Am. St.** 758; 56 **L. R. A.** 823.

placed under conditions that made him her debtor; and in the absence of such proof by her, her title must fail.

3. In the trial of an action involving such a title to real property as is claimed by the wife in this case, the trial court should permit a thorough cross-examination of the wife to determine whether or not the moneys that she claims to have placed in the hands of her husband have been repaid to her.

4. *Held,* in this case, that no indebtedness from the husband to the wife was shown, and therefore there was no consideration for the deed.

APPEAL from the District Court of the Third Judicial District of the State of Idaho, for Ada County. Hon. Carl A. Davis, Judge.

Action to set aside deed from husband to wife. Judgment for defendant. *Reversed.*

Chas. M. Kahn and Ira E. Barber, for Appellant.

Where the wife claimed to have loaned the husband money with which to buy property and which property he had controlled and managed and dominated for a long term as his own, the unsupported testimony of the wife was held to be insufficient to sustain a judgment awarding her the property. (*McDonnell v. Jones,* 25 Ida. 552, 138 Pac. 1123.)

"When a deed is shown to be voluntary as to existing creditors, then the burden of proof rests on the donee to establish the circumstances which will rebut fraudulent intent—for such conveyance is presumptively fraudulent." (*Scharff v. McGaugh,* 205 Mo. 344, 103 S. W. 550; *Cartwright v. West,* 155 Ala. 619, 47 So. 93; *James v. Malloy,* 76 Ark. 509, 89 S. W. 472; *Harkness v. Smith,* 3 Ida. 221, 28 Pac. 423; *California etc. Min. Co. v. Manley,* 10 Ida. 786, 81 Pac. 50; *Dill v. Carver,* 70 Wash. 103, 126 Pac. 86; 20 Cyc. 462, 463, note 98; *Wooten v. Steele,* 109 Ala. 563, 55 Am. St. 947, 19 So. 972; 20 Cyc. 511–516.)

A conveyance from husband to wife for a nominal or fictitious consideration, or in consideration of natural love and affection, will not be supported as against creditors.

(20 Cyc. 522, 523, note 40; *Radley v. Riker,* 80 Hun, 353, 30 N. Y. Sup. 130.

While a debt due from husband to wife may be a sufficient consideration for a conveyance where advances are made without any promise to pay at the time, it will not sustain such a conveyance as against creditors. (20 Cyc. 527, note 61; *Templeton v. Cook,* 69 Or. 313, 138 Pac. 230; 20 Cyc. 529, note 74.)

Where the wife advances money to the husband without any promise to repay the same or under such circumstances as not to create the relation of debtor and creditor at the time of such advancement, it is no consideration against his creditors for a subsequent conveyance to her. (*Reeves v. Slade,* 71 Ark. 611, 77 S. W. 54; *Vietor v. Swisky,* 200 Ill. 257, 65 N. E. 625; *Hoffman v. Henderson,* 145 Ind. 613, 44 N. E. 629; *Woods v. Allen,* 109 Iowa, 484, 80 N. W. 540; *Bailey v. Kansas etc. Co.,* 32 Kan. 73, 3 Pac. 756; *Diggs v. McCullough,* 69 Md. 592, 16 Atl. 453; *Kuhn v. Stansfield,* 28 Md. 210, 92 Am. Dec. 681; *Sykes v. City Sav. Bank,* 115 Mich. 321, 69 Am. St. 562, 73 N. W. 369; *Wake v. Griffin,* 9 Neb. 47, 2 N. W. 461; *Cole v. Lee,* 45 N. J. Eq. 779, 18· Atl. 854; *First Nat. Bank of Albuquerque v. McClellan,* 9 N. M. 636, 58 Pac. 347; *Clift v. Moses,* 75 Hun, 517; *Grabill v. Moyer,* 45 Pa. St. 530; *New South etc. Assn. v. Reed,* 96 Va. 345, 70 Am. St. 858, 31 S. E. 514; *Maxwell v. Hanshaw,* 24 Va. 405; *Le Saulnier v. Krueger,* 85 Wis. 214, 54 N. W. 774.)

Where the funds of the wife are received and used by the husband with her knowledge and consent, and no evidence of indebtedness is taken by her, or no claim that he is her debtor, is made during a lapse of many years, a conveyance in consideration of such funds will not be sustained, especially where it is made after the husband has become insolvent or greatly financially embarrassed. (20 Cyc. 529, note 74; *Wood v. Riley,* 121 Ala. 100, 25 So. 723; *Hauk v. Van Ingen,* 196 Ill. 20, 63 N. E. 705; *Brookville Nat. Bank v. Kimble,* 76 Ind. 195; *Williams v. Snyder* (Iowa), 94 N. W. 845; *Allen v. Meriweither,* 10 Ky. Law Rep. 600; *Balz v.*

*Nelson,* 171 Mo. 682, 72 S. W. 527; *Brownell v. Stoddard,* 42 Neb. 177, 60 N. W. 380; *Cole v. Lee,* 45 N. J. Eq. 779, 18 Atl. 854; *Briggs v. Mitchell,* 60 Barb. (N. Y.) 288. *Kanawha etc. Bank v. Atkinson,* 32 W. Va. 203, 25 Am. St. 806; *Hume v. Scruggs,* 94 U. S. 22, 24 L. ed. 51, see, also, Rose's U. S. Notes.)

Where the wife for a long period permitted the husband to handle her money as his own, keeping no account of it, and he never paid any of it back, a judgment setting aside the deed to the wife affirmed. (*Goodrich v. Bagnell Timber Co.,* 105 Ark. 90, 150 S. W. 406; *Cowling v. Hill,* 69 Ark. 350, 86 Am. St. 200, 63 S. W. 800; *Driggs etc. Bank v. Norwood,* 50 Ark. 42, 7 Am. St. 78, 6 S. W. 323; *Creel v. Cloyd,* 151 Ky. 627, 152 S. W. 776.)

"When the husband undertakes to prefer the wife the proof should be clear and satisfactory that the wife has a subsisting debt, one which is to be enforced and payment exacted regardless of the fortunes of the husband." (*Siffermann v. Hill,* 131 Ill. App. 174; aff. *Hill v. Siffermann,* 230 Ill. 19, 82 N. E. 338.)

The law requires clear and satisfactory proof of indebtedness between husband and wife. The secret agreement between husband and wife under which she was to have the property cannot prevail as against creditors. (*Harrison v. Tourtillott,* 148 Ill. App. 576.)

The admission of assessment-rolls, in support of the contentions of defendant as to the value of the properties referred to, was error. This class of evidence is not competent. The county assessor was within reach, and could have been brought to testify and submitted to cross-examination. (*Central Pac. Ry. Co. v. Feldman,* 152 Cal. 303, 92 Pac. 849; *St. Louis etc. Ry. Co. v. Magness,* 93 Ark. 46, 123 S. W. 786; *Lewis v. Englewood etc. R. Co.,* 223 Ill. 223, 79 N. E. 44.)

Givens & Barnes, Oppenheim & Lambert and Jay M. Parrish, for Respondent.

Whenever there is a true debt and a real transfer for an adequate consideration, there is no collusion, and fraud in its

legal sense cannot be predicated thereon, even though the transfer result in a preference; nor does the fact that the creditor obtaining the preference is the debtor's wife operate to change or modify the rule. (*Bates v. Papesh,* 30 Ida. 529, 166 Pac. 270; *Wilkerson v. Aven,* 26 Ida. 559, 144 Pac. 1105; *Coffey v. Scott,* 66 Or. 465, 135 Pac. 88.)

"If the wife advanced money to her husband, although no time be fixed for payment and no express promise is made to repay, and the circumstances attending the receipt of the money by the husband are such as to show that they dealt with each other as debtor and creditor, the husband may pay or secure the indebtedness by making a conveyance or transfer of property to her." (20 Cyc. 527, note 61.)

"A conveyance in fulfilment of a previous valid agreement between a husband and wife, such agreement being based upon a sufficient consideration, will be upheld as against creditors." (20 Cyc. 529, note 74.)

"A court of equity will never presume fraud when the transaction under their investigation is equally susceptible of two explanations, one of which is consistent with a fraudulent intent, and the other with good faith and fair dealing. In such case, that construction of the acts of the parties which is consistent with good faith and fair dealing will be preferred." (*Coffey v. Scott, supra; Hurford v. Harned,* 6 Or. 362.)

DUNN, J.—The complaint in this case alleges that the plaintiff is the legally appointed, qualified and acting administratrix of the estate of E. H. Beggs, deceased, and that the said E. H. Beggs died on or about the twenty-ninth day of July, 1916; that the said E. H. Beggs was at all times up to his death the owner of said real estate described in the complaint, commonly known as the Independent telephone property, situated in Boise; that since her appointment as administratrix she has made a careful examination for assets and estate belonging to the said E. H. Beggs and has been unable to find any assets or estate sufficient to discharge the indebtedness set out in the complaint, and that said estate is

in an insolvent condition; that since her appointment . as such administratrix the claim of Elizabeth Stewart in excess of $3,000 and the claim of Ira E. Barber for $3,922.52 against said estate have been allowed by said administratrix and that both of said claims are secured collaterally, but that the collateral securing the same is not sufficient to pay said claims; that said administratrix has not been able to find any estate or property of the said E. H. Beggs, save and except the property securing the said claims of Elizabeth Stewart and Ira E. Barber; that both of said claims have been allowed and approved by the probate judge of Ada county, Idaho; that by reason of the insolvency of said estate and the deficiency of assets in the hands of said administratrix, and in the said estate of said deceased, the plaintiff is unable to meet the payment of said claims; that on the fourteenth day of February, 1915, while the said deceased was confined to his bed in his last sickness, he conveyed by warranty deed to his wife, Anna E. Beggs, the defendant, for the consideration of one dollar, and natural love and affection, the said Independent telephone property, being parts of lots 11 and 12, block 15, of the original townsite of Boise City, Idaho; that said deed was without consideration whatsoever from the said Anna E. Beggs to the said E. H. Beggs.

The plaintiff alleges on information and belief that at the time said conveyance was made the said E. H. Beggs and the said Anna E. Beggs well knew that the said E. H. Beggs was insolvent, and that without said property his estate would be insufficient to pay the debts of said estate, and particularly the debts named and mentioned in the complaint; and that the said conveyance was fraudulent and made with intent to defraud and hinder the creditors of the said E. H. Beggs from collecting their just debts and claims from his estate, and was willingly, knowingly and fraudulently executed by the grantor and accepted by the grantee, with intent on the part of both of them to defraud the said creditors in the collection of their said claims, and to hinder and delay the creditors from collecting said amounts or any amounts

justly due to them; that after the appointment of the plaintiff as administratrix of the said estate, on the eighteenth day of July, 1917, there was presented to the said administratrix, on behalf of the said creditors, a certain demand and request that said administratrix file suit against the said Anna E. Beggs to set aside the said conveyance and to recover the same for the benefit of said estate; that thereafter on the fifteenth day of August, 1917, pursuant to a petition filed by said administratrix, the probate court ordered the said plaintiff as such administratrix to file suit against the said Anna E. Beggs to set aside the conveyance and to recover said property for the benefit of said estate and its creditors. The plaintiff prays that said conveyance be set aside and held for naught and that the said Anna E. Beggs be ordered to reconvey said property to plaintiff as administratrix of the estate of E. H. Beggs, deceased, for the benefit of said estate and its creditors and upon her failure so to do that the district court appoint a proper person to execute a deed of conveyance to said property to the plaintiff in this action, for the uses and purposes set out, and for her costs and disbursements.

A general demurrer to the complaint was filed by the defendant and afterward withdrawn.

Oct. 4, 1917, the defendant answered said complaint, admitting the death of the said E. H. Beggs and that the plaintiff is the legally appointed, qualified and acting administratrix of the estate of the said deceased. She denies that the said deceased was up to his death, or at any other time or times, the owner of the real estate described in the complaint and alleges that said property is and was the property of said defendant as set out in the answer; admits that the plaintiff has been unable to find any estate standing in the name of the said E. H. Beggs, deceased, in the records of Ada county; but denies that the said estate is insolvent or was insolvent at the time of the transfer of the property complained of in the complaint. The defendant admits that since the appointment of the plaintiff as administratrix of said estate the claim of Elizabeth Stewart in excess of $3,000

has been filed with said administratrix and that said claim is collaterally secured, but denies that said security is inadequate or insufficient to pay said claim; and alleges that said security is adequate and sufficient to pay said claim and was so adequate and sufficient at the time of the transfer of the property complained of in the complaint. The defendant admits also the filing with said administratrix of the claim of Ira E. Barber for $3,922.52 and that said claim is collaterally secured, but denies that said security is inadequate and insufficient to pay said claim, and alleges that said collateral is adequate and sufficient and was so adequate and sufficient to pay said claim at the time it was given and at the time of the transfer of the property complained of in the complaint. Defendant denies that the estate of E. H. Beggs is insolvent and denies that said estate was insolvent on the fourteenth day of February 1916, the date of the transfer of the property complained of in the complaint. The defendant alleges that all of said creditors knew that said estate was solvent at the time of the transfer complained of; admits the conveyance of said property and the consideration expressed in the deed as alleged in the complaint, but alleges that the true consideration for said conveyance was as thereafter set out in said answer. The defendant denies that said deed was executed without consideration from the defendant, Anna E. Beggs, to the said E. H. Beggs. The defendant denies that at the time said conveyance was made, or at any other time, the said E. H. Beggs and the said defendant, Anna E. Beggs, or either of them, knew that the said E. H. Beggs was insolvent or without property sufficient to pay the debts of said estate and particularly the debts in the complaint named; denies that said conveyance was made fraudulently or with intent to defraud or hinder the creditors of said deceased from collecting their just debts, and denies that said conveyance was willingly, knowingly and fraudulently executed by the grantor and accepted by the grantee with intent on the part of both or of either of them to defraud the said creditors or any creditors in the collection of their said claims, or to

hinder or delay the said creditors from collecting any amount justly due them. The defendant admits that a written request was presented to said administratrix that she bring action against this defendant to set aside said conveyance, and that this action was brought under an order of the probate court made in pursuance of a petition filed by said administratrix.

As a further answer to said complaint the defendant alleges that in May, 1897, after the marriage of the defendant, Anna E. Beggs, and the deceased, E. H. Beggs, she received from the estate of her father about $23,500, and that in August, 1898, she received from the estate of her mother about $11,500; that the money so inherited by the said defendant was used by the said E. H. Beggs, deceased, in acquiring the property described in the complaint; that during the time the said E. H. Beggs was acquiring said property it was mutually understood between deceased and defendant that at some time they would have an accounting and adjust their property rights; that some time prior to February 14, 1916, the deceased retired from active business on account of ill health, and that because of said retirement the deceased determined to adjust the property rights between himself and this defendant, and having secured all his creditors to their satisfaction, in carrying out the understanding heretofore had by himself and this defendant, the deceased executed and delivered a deed to said defendant, conveying to said defendant the property described in the complaint; that while the said deed was in form a deed of gift said deed was in truth and in fact a mere transfer of the record title of said property to its true owner, Anna E. Beggs, this defendant. The defendant alleges that said transfer complained of in said complaint was made with the knowledge of all the creditors of said deceased and particularly the creditors whose claims are mentioned in the complaint; that immediately after the making and delivery of said deed of conveyance this defendant took immediate, absolute and exclusive possession, management and control of all of the said property described in said complaint and ever

since has had, and now has, absolute and exclusive management, possession and control thereof. The defendant further alleges that said deed of conveyance mentioned in said complaint was not made solely or at all with intent to defraud the creditors of said E. H. Beggs, deceased, or with intent to defraud any other person or persons, or at all.

On the sixteenth day of February, 1918, the said defendant filed in the district court an amended answer to the complaint in this action, which plaintiff moved to strike. This motion the court denied.

The amended answer admits that the property described in the complaint was up to Feb. 14, 1916, the property of said E. H. Beggs, deceased; alleges that since said date said property has been the property of the defendant. It denies also that since her appointment as administratrix of said estate the plaintiff has been unable to find any assets or estate standing in the name or belonging to the estate of E. H. Beggs, deceased, sufficient to discharge the claims set forth in the complaint, or at all; and denies also that the estate of the said E. H. Beggs is or was at the time of the said transfer indebted to said Elizabeth Stewart and Ira E. Barber, or to either of them, and denies that the said estate is in an insolvent condition; but alleges that the said E. H. Beggs was not insolvent at the time of the transfer of the property mentioned in the complaint.

The defendant denies that the security held by Elizabeth Stewart and Ira E. Barber is not of value exceeding $4,000 and alleges that said security is of value of about $8,000. Defendant also admits that the claim of Ira E. Barber for $3,922.52 was filed with the said administratrix, but alleges that before the commencement of this action, to wit, on or about the first day of March, 1915, the said E. H. Beggs, fully satisfied the indebtedness and demand of Ira E. Barber alleged in the complaint by payment in full; but admits that both the claims of Barber and that of Mrs. Stewart have been allowed by the said administratrix, and denies that the security for said claims is not adequate to pay said claims. The defendant alleges that the property in controversy was

Opinion of the Court—Dunn, J.

conveyed by the said E. H. Beggs to the defendant for a good and valuable consideration; and further answering the complaint, alleges that Ira E. Barber was at all times mentioned in the defendant's answer an attorney at law, duly licensed to practice under the laws of the state, of Idaho, and was the personal counsel of the said E. H. Beggs and the defendant and had been such counsel for a long time prior to the fourteenth day of February, 1916, and that he was at all times mentioned conversant with the business affairs and property interests of the defendant and the said E. H. Beggs; that shortly prior to the fourteenth day of February, 1916, the defendant and the said E. H. Beggs consulted with the said Barber as their attorney relative to the transfer of the property described in the complaint; that the said Barber counseled and advised the said E. H. Beggs to make the transfer complained of to this defendant in manner and form as set out in said answer; that the said E. H. Beggs, acting upon the advice of the said Barber, allowed a deed to be prepared by the said Barber and the said E. H. Beggs executed and delivered the same to this defendant, and this defendant acting upon the advice of the said Barber accepted said deed to the property described in the complaint, and that the said deed was made, executed and delivered by the said Beggs and accepted by this defendant while each was acting under the advice and in accordance with the instructions and with full knowledge of the said Barber as herein alleged and at his suggestion.

Defendant further alleges that on the fourteenth day of February, 1916, and for a long time prior thereto the said Barber was the agent and attorney of one Elizabeth Stewart, and that while acting as such agent and attorney he counseled and advised the transfer of the property described in the complaint from the said E. H. Beggs to this defendant in the manner and form heretofore stated, and that such transfer was actually made by the said E. H. Beggs to this defendant, relying upon the advice and counsel of the said Barber; that the said conveyance was accepted by this defendant, relying upon such advice and counsel of the said

Barber; that by reason of all of the aforesaid advice, counsel and suggestion of the said Barber and the acts of the said Barber and Elizabeth Stewart, and because of their knowledge of the premises, the said Barber and said Elizabeth Stewart are now estopped from seeking to set aside said transfer of said property described in the complaint.

In other particulars the amended answer conforms substantially to the original filed by the defendant.

The case was tried by the court without a jury and at the conclusion of the trial the court made and entered its findings of fact and conclusions of law and thereupon entered its decree that the plaintiff take nothing by this action and that the deed, made by E. H. Beggs to the defendant set out in the complaint herein, is good, valid, legal and binding; that neither the plaintiff as executrix of the estate of E. H. Beggs, deceased, or otherwise, nor the estate of the said E. H. Beggs, deceased, has any estate or interest whatever in or to the lands and premises described in the complaint, and that the title of the defendant to the said real estate is good, valid, legal and binding. From this judgment the plaintiff has appealed.

The appellant has assigned twenty errors but it will not be necessary to review all of them. The first assignment is that the court erred in refusing to strike the amended answer. While the amended answer in several important points contradicted the original answer, we are of the opinion that the amendment was a matter in the discretion of the trial court.

Assignments 3, 4, 19 and 20, relate to the value of the property held as security for the claims of Barber and Mrs. Stewart and the introduction of evidence regarding such value. The value of this property at the time of the conveyance from Mr. Beggs to his wife is material only so far as it may bear on the intent of the parties in making and receiving the conveyance. On the question of the market value of this property the court admitted in evidence the assessment-rolls of Ada county for the years 1915, 1916 and 1917. This was error, for it is a matter of common knowl-

edge that assessed valuations, as they are fixed in most if not in all of our counties, are entitled to no weight as indicating the market value of the property assessed.

Assignments 6, 7, and 13 relate to the allegation that Barber and Mrs. Stewart are estopped to question the validity of the deed in controversy because of Barber's relations to E. H. Beggs and the defendant as their counsel and the alleged relation to Mrs. Stewart as her counsel and agent in connection with the transfer from E. H. Beggs to the defendant.

This is an action brought by the administratrix of the estate of E. H. Beggs, deceased, by order of the probate court of Ada county, in compliance with C. S., sec. 7664, which reads as follows:

"Where there is a deficiency of assets in the hands of an executor or administrator, and when the decedent, in his lifetime, has conveyed any real estate, or any rights or interests therein, with intent to defraud his creditors, or to avoid any right, debt or duty of any person, or has so conveyed such estate that by law the deeds or conveyances are void as against the creditors, the executor or administrator must commence and prosecute to final judgment any proper action for the recovery of the same; and may recover for the benefit of the creditors all such real estate so fraudulently conveyed; and may also, for the benefit of the creditors, sue and recover all goods, chattels, rights or credits which have been so conveyed by the decedent in his lifetime, whatever may have been the manner of such fraudulent conveyance."

The action being brought under the provisions of this section of the statute for the benefit of all the creditors of the said estate, it becomes immaterial so far as the right to maintain this action is concerned whether any of the claims are secured, or if secured, to what extent. (*In re Mc-Dougald's Estate,* 146 Cal. 196, 79 Pac. 875; *Erle v. Lane,* 22 Colo. 273, 44 Pac. 591; *Ohm v. Superior Court,* 85 Cal. 545, 20 Am. St. 245, 26 Pac. 244; *Field v. Andrada,* 106 Cal. 107, 39 Pac. 323.)

There is nothing in the record to sustain the respondent's contention that Elizabeth Stewart would be estopped to prosecute such an action as this. The claims of both Ira E. Barber and Elizabeth Stewart had been allowed by the administratrix and the probate judge of Ada county before this action was brought, so, even if the claimant Barber would be estopped, which we do not decide, the administratrix would still have authority and it would be her duty to prosecute the action for the benefit of all the creditors of said estate.

Assignments 2, 5, 8, 9, 10, 11 and 12 relate to the transfer of the property from E. H. Beggs to the defendant, the consideration therefor, the alleged fraudulent intent of the parties to the deed, the alleged loans of the defendant to the deceased. These assignments may all be disposed of together.

It is not denied that the respondent, beginning about the year 1897, received probably $35,000 from her father and mother and that a large proportion of this was turned over to the deceased, E. H. Beggs, to be used in various business enterprises by him. The question with regard to this transaction is whether these moneys were placed in the hands of the deceased in such a way as to create a debt and make them a sufficient consideration to support the transfer of this property from the deceased to the respondent.

Naturally, the respondent was the only one who had personal knowledge of the transactions between herself and her husband with regard to these funds, and her testimony falls far short of establishing such a claim as a creditor of her husband as will support the allegation of indebtedness which she relies upon in this case. There is no evidence that a note was taken or a memorandum of any kind made at the time the various sums of money were given by her to her husband, or at any time, and she is unable to tell, with any degree of certainty, what amounts she gave him or when she gave them to him or what he did with them. Neither does she relate anything that she said to her husband at the time of placing these moneys in his hands, or at any other time,

indicating in the slightest degree that she regarded these advances as loans to be repaid by him, or that she ever expected him to account for them in any manner. Her statement is that when he asked her for money she handed it over to him and that he always said he hoped some time to be able to repay her; but there is nothing in her testimony to indicate that she ever intimated to him that she regarded these payments to him as debts that he must pay. The whole transaction appears to have been one in which a wife was willing to give to her husband of her funds as long as they lasted and to take chances with him on whatever investment of them he chose to make. There is nothing to indicate that she ever thought of regarding her husband as her debtor until shortly before his death. Evidently she gave the money to him to be used as his own, with no thought of indebtedness and repayment, and he did so use it according to the testimony of Mrs. Beggs. If this was her intention, then there was no debt and consequently no consideration for the deed in controversy.

On cross-examination the defendant admitted that about $7,500, which in her direct examination she claimed had not been returned to her, was in fact invested in telephone stock for her benefit, and that this stock was afterward sold and the money invested by her in California property. She admitted also that when the California property was sold she took the proceeds and invested it in the property that she holds on the corner of Ninth and Franklin Streets, Boise, Idaho. In this connection appellant sought further information as to the property of respondent, but the court sustained an objection to her going into that matter. This was error, for cross-examination had already elicited from her the information that $7,500 of this money which she first charged to her husband had been in fact invested for her own benefit, and it was impossible for the trial court to know what would be the result of further cross-examination as to the present holdings of the respondent. It might have developed the fact that all of the money she claimed to have loaned to her husband had been repaid to her.

The appellant complains that the court erred in permitting the respondent to testify as to conversations between her and her husband and as to her understanding with her husband with regard to these' alleged loans. While it was erroneous to allow her to testify what the understanding was, we think there was no error in allowing the witness to relate conversations between her and her husband as to the alleged loans, for in no other way, probably, would it be possible to submit any proof whatever as to whether there was a loan made to her husband, there being no written evidence of such transactions.

In cases of this character where the relations are so close and confidential as those between husband and wife, the wife who asserts a claim such as is asserted by respondent in this case must assume the burden of showing a transaction that will bear the most searching inquiry.

It appears from the record that after the conveyance of the telephone property from Beggs to his wife there remained no property in his estate except that which was mortgaged to secure the sums due to Barber and Mrs. Stewart. Under any reasonable view to be taken of the evidence bearing on the value of this property, it could not at such time have been sold for a sufficient amount to pay the claims of these persons. From these facts the inference is necessarily drawn that by such conveyance there was an intent to defraud and hinder the creditors of Beggs. But this inference is not conclusive, for the reason that under our statute the question of intent is one of fact and not of law. To overcome such inference the evidence must show facts from which the conclusion could be drawn that the grantor had reason to believe that he had made ample provision to pay his debts. (*Bull v. Bray,* 89 Cal. 286, 26 Pac. 873; *Judson v. Lyford,* 84 Cal. 505, 24 Pac. 286; Bigelow on Fraudulent Conveyances, pp. 439–442.)

The evidence fails to support the following findings by the trial court, or any of them:

1. That E. H. Beggs did in truth and in fact convey said property to Anna E. Beggs for a good and valuable consideration.

2. That said conveyance was made with the knowledge of all the creditors of said deceased.

3. That said conveyance was made without fraud, and without intent to defraud or hinder the creditors of the said E. H. Beggs.

4. That said E. H. Beggs owed said Anna Beggs any sum whatever at the time of said conveyance.

The errors pointed out in the trial and in the findings of fact and conclusions of law render it necessary to reverse the judgment and order a new trial herein. It is so ordered. Costs awarded to appellant.

Rice, C. J., and McCarthy and Lee, JJ., concur.

Budge, J., did not hear the argument nor participate in this decision.