(No. 5065.  May 4, 1929.)

H. G. BERRYMAN, Administrator of the Estate of C. W. BERRYMAN, Deceased, Appellant, v. L. B. DORE and VIOLA D. DORE, Respondents.

[277 Pac. 565.]

Peterson, Baum & Clark, for Appellant.

E. W. Whitcomb and F. J. Cowen, for Respondents.

GIVENS, J.—On August 9, 1923, defendants executed and delivered to C. W. Berryman a promissory note for

$1500, due one year from date, and a real estate mortgage securing the payment thereof. On December 10, 1923, Berryman executed and acknowledged before a deputy county recorder a marginal release on the record of the mortgage, in the following words:

"I hereby certify that this mortgage and the indebtedness secured thereby is fully paid, satisfied and discharged.

"C. W. BERRYMAN.

"Signed and acknowledged before me the 10th day of December, 1923.

"H. A. BENSON,
"County Recorder.
"By RUTH F. HILLIARD,
"Deputy."

Berryman delivered the mortgage to defendant, L. B. Dore, but retained the note. When the note came due, Berryman demanded payment, which was refused. He then commenced suit to recover on the note. Judgment was entered for the defendant and on appeal to this court the judgment was reversed and the cause remanded for a new trial. (*Berryman v. Dore,* 43 Ida. 327, 251 Pac. 757.)

At the second trial, H. G. Berryman, as administrator of the estate of C. W. Berryman, was substituted as plaintiff. He elected to rely on substantially the same complaint on which his intestate had stood. It plead a simple action on the note.

The defendants, however, filed an amended answer in which they admitted the execution of the note and mortgage in question, set out the release quoted above, and alleged that the release was given by Berryman for the purpose of hindering, delaying and defrauding his creditors. By the last allegation an issue was introduced into the second trial that had not been seriously raised in the first.

The jury rendered a verdict for the defendant.

Appellant has made numerous assignments of error, practically all of them relating to the admission of evidence on this issue of fraud, or to instructions pertaining to that issue. If the issue of fraud was properly before the jury,

we believe that the evidence was competent and material. On this issue the court instructed the jury as follows:

" . . . . If you find by the evidence in this case that Mr. Berryman in making the release of the mortgage, and in acknowledging the receipt of the indebtedness secured thereby was attempting to transfer his property rights or conceal his assets for the purpose of hindering, or delaying or defrauding his creditors, then the law would not furnish him any assistance in now recovering upon the note sued upon, nor would it afford him any relief by way of a judgment against the defendant, and this would be true whether or not the defendant knew his purpose, and assisted him in such purpose, or was entirely innocent of any knowledge of the intent on the part of the plaintiff. The defendant contends that Mr. Berryman had such fraudulent intent and that said release was executed because thereof. It is wholly for the jury to determine whether or not such was Mr. Berryman's purpose at the time he signed and acknowledged such marginal release."

A transfer of property for the purpose of defrauding creditors is void against all creditors and their successors in interest. (C. S., sec. 5433.) Appellant does not dispute this general rule but argues that such transfer is void only as against creditors and that the question of a fraudulent transfer can only be raised by one who is a creditor. We may concede that the transfer is void only as against creditors and valid otherwise. The rule is everywhere established that such a transfer is good between the parties. (*Bowers v. Cottrell*, 15 Ida. 221, 96 Pac. 936; *Cobb v. First Bank of Livonia*, 263 Fed. 1000; *Hills v. Sherwood*, 48 Cal. 386; *First Nat. Bank v. Eastman*, 144 Cal. 487, 103 Am. St. 95, 1 Ann. Cas. 626, 77 Pac. 1043; *Moore v. Schneider*, 196 Cal. 380, 238 Pac. 81; *Paul v. Paul*, 266 Pa. St. 241, 109 Atl. 675; Bump on Fraudulent Conveyances, 3d ed., p. 443; Bigelow on Fraudulent Conveyances, Rev. ed., p. 492; 12 Cal. Jur. 1022; 27 C. J. 463, 647.)

Our statute against fraudulent conveyances is substantially the Statute of 13 Elizabeth, c. 5 (1570), designed to prevent such conveyances. It was enacted to protect cred-

itors and made no provision in regard to its effect between the parties. A fraudulent grantee, therefore, is allowed to retain, as against the grantor, the property fraudulently conveyed, not for any merit of his own but in order to make the consequences of fraudulent experiments as disastrous as possible. (Bump on Fraudulent Conveyances, 3d ed., pp. 443, 444.)

The law will not assist the grantor to recover his property fraudulently conveyed, and in order to make impossible a recovery it is imperative that the grantee be permitted to plead such facts as will prevent it. (*Bowers v. Cottrell, supra; Wyatt v. Collins,* 105 Kan. 182, 180 Pac. 789.)

The rule in regard to the transfer of property is as applicable to chattels and choses in action as to real property. (C. S., sec. 5433; *Tuckey v. Lovell,* 8 Ida. 731, 71 Pac. 122; 27 C. J. 420, 421.) Furthermore, the release or discharge of an indebtedness and a mortgage securing the same, by receipt or otherwise, is as binding on the grantor as any other transfer. Such a release as effectively reduces the debtor's assets as would an actual transfer of some of his property, and where the result of the release is to defraud creditors, it may be impeached and declared void as to such creditors. (*Hall v. Alabama Terminal Co.,* 143 Ala. 464, 5 Ann. Cas. 363, and note, 39 So. 285, 2 L. R. A., N. S., 130; *Johnson v. Jones,* 79 Ind. 141; *Martin v. Root,* 17 Mass. 222; *Everett v. Read,* 3 N. H. 55; *Abbott v. Tenney,* 18 N. H. 109; *Youngs v. Trustees,* 31 N. J. Eq. 290; *Bate v. Graham & Jordan,* 11 N. Y. 237; Bump on Fraudulent Conveyances, 3d ed., p. 446; note in L. R. A. 1918A, 404.)

There is a want of harmony among the authorities in regard to the position of an executor or administrator of a deceased debtor who has fraudulently conveyed his property. The better rule, and the one most generally adopted, is that an executor or administrator occupies a double capacity as the representative of the deceased debtor and also of his creditors. (*Stone v. Elliott,* 182 Ind. 454, 106 N. E. 710; *McLean v. Weeks,* 61 Me. 277; *Abbott v. Tenney, supra; First Nat. Bank v. Ludvigsen,* 8 Wyo. 230, 80 Am. St. 928, 56 Pac. 994, 57 Pac. 934; Schouler on Wills,

Executors and Administrators, 6th ed., sec. 2040; Bump on Fraudulent Conveyances, 3d ed., p. 445, note; Bigelow on Fraudulent Conveyances, Rev. ed., p. 191; 23 C. J. 1170.)

Where such rule prevails, an executor or administrator is permitted to sue on behalf of the creditors to recover property fraudulently conveyed. But it is to be observed that it is only in his capacity as representative of the creditors that he is permitted to recover such property. (Bigelow on Fraudulent Conveyances, Rev. ed., p. 191.) █ The courts are zealous in their efforts to prevent the heirs or personal representatives of the deceased from sharing in a distribution of the property so recovered and it is accordingly well established that any surplus remaining after the claims of creditors have been satisfied must be returned to the fraudulent grantee. (*Emmons v. Barton,* 109 Cal. 662, 42 Pac. 303; *O'Connor v. Boylan,* 49 Mich. 209, 13 N. W. 519; *McLean v. Weeks, supra; Abbott v. Tenney, supra;* Schouler on Wills, Executors and Administrators, 6th ed., sec. 2040.)

. The rights and duties of an executor or administrator, where the decreased debtor's property has been fraudulently conveyed, have been declared in this state by C. S., sec. 7664. By this section of the statutes an administrator or executor is empowered, only when requested by the creditors (C. S., sec. 7665), to recover for the benefit of the creditors property fraudulently conveyed by the decedent where the assets are otherwise insufficient to pay creditors' claims. The supreme court of California, construing a statute identical with our own, has held that where an executor or administrator sues under this statute, it must affirmatively appear that the conveyance was made with a fraudulent intent, that there are creditors to be paid and that the assets of the debtor are insufficient to pay them. (*Threlkel v. Scott,* 89 Cal. 351, 26 Pac. 879; *Field v. Andrada,* 106 Cal. 104, 39 Pac. 323; *Murphy v. Clayton,* 114 Cal. 526, 43 Pac. 613, 46 Pac. 460; *Ackerman v. Merle,* 137 Cal. 157, 69 Pac. 982; see, also, *First Nat. Bank v. Eastman, supra; Moody v. Beggs,* 33 Ida. 535, 196 Pac. 306; *Brown v. Perrault,* 5 Ida. 729, 51 Pac.

752; *Johnson v. Jones, supra; McLean v. Weeks, supra; Hoffmann v. Tucker,* 58 Neb. 457, 78 N. W. 941.)

There was neither pleading nor proof that this action was instituted on behalf of creditors. The complaint stated a simple action on the note. Appellant, suing as administrator of C. W. Berryman, made no attempt to bring himself within the provisions of these statutes. It is apparent from a reading of the complaint and appellant's brief that in bringing this action he was acting in his capacity as representative of the deceased debtor. In that capacity he had no more right to recover assets fraudulently conveyed than the debtor himself. The instructions of the trial court to this effect, in the light of the issues raised by the pleadings, were correct.

In reaching this conclusion we do no violence to the rights of creditors who alone are entitled to share in a distribution of any property that might be recovered. They may, in a proper proceeding, bring an action to recover any assets which have been fraudulently conveyed to their prejudice. (*Hills v. Sherwood,* 48 Cal. 386; *Emmons v. Barton, supra; Potts v. Mehrmann,* 50 Cal. App. 622, 195 Pac. 941.; *Beswick v. Dorris,* 174 Fed. 502; *Bate v. Graham & Jordan,* 11 N. Y. 237.)

The judgment is affirmed.

Costs awarded to respondents.

Wm. E. Lee and Varian, JJ., and Baker, D. J., concur.