[Civ. No. 4464. Third Appellate District.—January 8, 1932.]

ALBERT DARRAH, Appellant, v. MIKE LANG, Respondent.

Louis Lamy for Appellant.

Murphy & Cohen for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for the defendant in a suit to quiet title to real property.

The plaintiff contracted to purchase lots 17 and 18, block 1, of Tract Number 3308 of the city of Los Angeles from the Pacific Southwest Trust and Savings Bank, for the sum of $1500. This contract was assigned to the defendant. May 11, 1926, after the lots had been fully paid for, at the request of the plaintiff, they were conveyed to the defendant, who is the holder of the paper title thereto. The complaint alleges these lots were deeded to the defendant without consideration; that the transfer was made to protect the plaintiff against "unjust litigation" with which he was threatened and subject to an agreement to reconvey the property to plaintiff on demand; that the defendant failed and refused to reconvey the lots upon demand therefor.

The answer denies that the property was conveyed without consideration. On the contrary, it is asserted the transfer of title was made in violation of section 3439 of the Civil Code, with intent to defraud the creditors of plaintiff. It is further alleged the conveyance was made to the defendant in trust to secure the repayment of a specified sum of money which was paid by the defendant toward the purchase price of the land, and also to secure the value of services which were performed by the grantee in maintaining and improving the property.

The court found that the lots were conveyed to the defendant with intent on the part of the plaintiff to defraud his creditors. There is substantial evidence to support this finding. The court further found that the property was conveyed to the defendant, in trust, to secure the payment of the sum of $776.47 which was advanced by the grantee toward the purchase price thereof, and also to secure the repayment of the further sum of $675 which was expended by the defendant in maintaining and improving the land. In effect, these findings are in irreconcilable conflict. The court, however, rendered judgment that the plaintiff take nothing by this action. From this judgment an appeal has been perfected.

The appellant contends that the findings and judgment are contrary to law, unsupported by the evidence and in irreconcilable conflict.

Every transfer of property which is made with the intent to defraud creditors is void as against creditors of the debtor or their successors in interest. (Sec. 3439, Civ. Code.)

No creditor of the plaintiff in the present case was a party to this action or is complaining of the transfer. ■ A deed of conveyance to real property is valid and binding between the parties thereto even though it may have been executed with intent to defraud creditors, where no creditor is complaining of the transfer. (*First Nat. Bank* v. *Eastman,* 144 Cal. 487 [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac. 1043]; *Berryman* v. *Dore,* 47 Idaho, 582 [277 Pac. 565]; *Sexey* v. *Adkinson,* 34 Cal. 346 [91 Am. Dec. 698]; *Frink* v. *Roe,* 70 Cal. 296, 308 [11 Pac. 820]; 1 Moore on Fraudulent Conveyances, 64, sec. 26; Bump on Fraudulent Conveyances, 4th ed., 461, sec. 449.) In the text-book last cited the author says:

"The title of a fraudulent grantee is not only good against the debtor, but it is also good against all parties except creditors and their representatives. It is voidable only at the suit of creditors, and if no creditor interposes and complains, the transfer is as binding and effectual to pass the title as if made with the best intents and for the most innocent and commendable purposes."

■ This rule is invoked on the ground of public policy. Under the foregoing doctrine, since the respondent is the

holder of a deed of conveyance to the real property which is here involved, which deed was executed and delivered with intent to defraud the creditors of the plaintiff, he is estopped from denying the title of the grantee. Based upon the binding validity of this deed of conveyance, the grantee must therefore be deemed to be the owner of the property in question.

The effect of the finding that the transfer was made with intent to defraud the creditors of the plaintiff is to render the deed valid and binding. It requires a decree holding that the defendant is the owner of the property in fee. By necessary implication, it is a determination that the plaintiff has no right, title or interest in the land.

The court, however, adopted another finding to the effect that the defendant holds the title to the property in question, *in trust,* to secure the repayment of claims for specified sums of money which were found to be due from the plaintiff to the grantee. If the defendant merely holds the property in trust to secure the payment of these claims, the deed becomes a mortgage, and the legal title remains in the plaintiff. In that event the plaintiff had a right to an adjudication that he is the owner of the legal title to the property subject to the lien as security for the payment of the defendant's claims. (51 C. J. 267, sec. 255.) These inconsistent findings may not be harmonized. They are in irreconcilable conflict. One of them holds that the defendant is the legal owner of the property. The other one determines that he merely holds an equitable title therein to secure the payment of certain ascertained claims. It is impossible to say which finding should control the court in rendering the judgment.

Where material findings are in irreconcilable conflict, it becomes necessary to reverse the judgment. (2 Cal. Jur. 1030, sec. 612; *Boyle* v. *Boyle,* 97 Cal. App. 703 [276 Pac. 118]; *Huling* v. *Seccombe,* 88 Cal. App. 238 [263 Pac. 362].)

The judgment is therefore reversed.

Plummer, J., and Preston, P. J., concurred.